## Cronister *against* Cronister.

As between a vendor and vendee of land, the acceptance of a deed and execution and delivery of bonds for the purchase money, closes the question upon the agreement, merges it in the conveyance, and precludes the parties from afterwards claiming, either on the one side an allowance for a deficiency in the land, or on the other payment for a surplus.

ERROR to the Common Pleas of *Adams* county.

William Patterson, executor of Henry Cronister, against John Cronister.

This was an action of debt upon a bond, dated the 10th of February 1816, for the payment of $20 on the 1st of April 1839.

The defendant gave the following evidence:

Agreement made and concluded upon this 5th day of September 1814, between Henry Cronister, of Reading township, Adams county, and State of Pennsylvania, of the one part, and John Cronister of the same place, county and state aforesaid, of the other part, witnesseth that the said Henry for and in consideration of the sum of $26.67 per acre, paid in the way and manner hereinafter mentioned, hath granted, bargained, and sold, and, by these presents, doth grant, bargain, and sell unto the said John and to his heirs and assigns, all the following described tract of land, situate in the township aforesaid, adjoining lands of Daniel Deardorff, William Hodge, and other lands of the said Henry, containing, according to a late survey, 32 acres, 61 perches and allowance, to be to the only proper use, benefit, and behoof of the said John, his heirs and assigns for ever. And the said John is to be allowed the sum of $266.67, the hand-money of the aforesaid land; which sum is to remain, without interest, till a final settlement is made respecting the said Henry's estate, said John giving his bond for said sum; and the residue said John is to pay in gales of $20, on the 1st day of April yearly, till all is paid: said Henry is to make a clear patent deed for said land as soon as convenient, said John giving his obligations for the yearly gales. And for the true performance, &c.

Survey—made by William Patterson, 18th of March 1813—34 acres, 61 perches, neat measure, or 32 acres, 61 perches and allowance.

Calculation of the purchase money for 32 acres, 61 perches, at $26.67 per acre.

Admitted that the bond is one of a series predicated on the calculation, and that defendant has paid as much as the tract of land would be at $26.67 per acre, by correct measurement.

[Cronister v. Cronister.]

David M'Millan affirmed. I made a survey of the land sold by Henry Cronister to his son John. I made it 25 acres, 94 perches. I surveyed it on the 1st day of April 1838.

Admitted that the deed and bonds were drawn by William Patterson, the plaintiff, and that he made the survey referred to in the articles of agreement.

The plaintiff then gave in evidence:

Deed from Henry to John, dated 10th of February 1816, for the consideration of $863.59; quantity of land 32 acres, 61 perches and allowance.

The court below thus instructed the jury.

Durkee, President.—Admitting the facts to be precisely as alleged by the defendant, they do not constitute a defence. The case is governed by a principle of law, founded in policy and repeatedly sanctioned by the Supreme Court, which, in the absence of fraud, precludes all inquiry as to the real quantity of the land, and leaves the defendant to pay the whole amount of purchase money, according to the estimated quantity named in the article of agreement and in the deed.

You will therefore render a verdict for the plaintiff, regardless of the hardships it may involve on the part of the defendant, for the amount of the bond and interest.

*Stevens,* for plaintiff in error, argued that the general rule seemed to be, that where there was an official survey, upon which the parties based their agreement, it was conclusive; but even in such case, and in the absence of fraud, material mistake is a good ground for relief. 13 *Serg. & Rawle* 160; 4 *Watts* 405. But a question of fraud or mistake is always safely referred to a jury, and that is what we think should have been done in this case.

*Reed, contra.* The parties in this contract adopted a survey by which they agreed to be governed, and the acceptance of the deed and giving the bonds are conclusive. 2 *Penn. Rep.* 533; 6 *Serg. & Rawle* 438; 1 *Serg. & Rawle* 160; 2 *Johns.* 37; 6 *Binn.* 106; 10 *Watts* 426.

The opinion of the Court was delivered by

Sergeant, J.—The defendant, in September 1814, contracted, by article of agreement, to buy of his father, at $26.67 per acre, a tract of land adjoining lands of Deardorff and others, containing, *according to a late survey,* 32 acres and 61 perches, and was allowed to retain the sum of $266.67, the hand-money, without interest, till a final settlement should be made of his father's estate, the residue to be paid in gales of $20 on the 1st of April yearly. The father agreed to make a clear patent deed on his son's giving obligations for the yearly gales. Seventeen months afterwards the defendant took a deed, and gave his bonds, and when sued on

[Cronister v. Cronister.]

one of them in 1839, sets up in bar that on a measurement made in 1838, it turned out that there were but 25 acres and 94 perches.

Even if the question rested merely on the article, it might well be contended that the defendant having agreed to purchase according to a recent survey, must be considered as contracting to buy according to that survey, in the same manner as if he had contracted to buy according to certain courses and distances, and the land turned out to contain less. It would be impossible to say, without evidence, what was the basis on which the parties agreed to consider it as 32 acres and allowance, whether it was by mistake or fraud, or whether the facts were known to them both at the time of contracting; nor can we aver that the contract would have been made as it is, containing terms very favourable to the defendant as to payments, on any other basis than the one agreed on. It is possible the inequality might in some cases be so monstrous and glaring as to be of itself conclusive to show mistake or imposition: but the difference here will not warrant that, and there is nothing to show the existence of actual mistake or fraud. It would rest on nothing but conjecture, and that in opposition to the express agreement of the parties to sell and buy according to a recent survey.

In *Bailey* v. *Snyder*, (13 *Serg. & Rawle* 163) the court considered it a sale by the acre, because no draught or survey was referred to which, it might be supposed, the parties intended to adopt in order to avoid further expense. But where the sale is according to a late survey, it falls within the class of cases in which it is a sale by the quantity in gross and not by the acre.

It is to be observed further, that the contract is not now to be judged of simply by the article of agreement. That has been carried into execution by the acceptance of a deed, and the sealing and delivery of bonds for the purchase money, which, even where the sale is to be at so much per acre, closes the question on the article, merges it in the conveyance and precludes the parties from afterwards claiming, either on the one hand an allowance for a deficiency in the land, or, on the other, payment for a surplus. *Smith* v. *Evans*, (6 *Binn.* 102); *Bailey* v. *Snyder*, (13 *Serg. & Rawle* 162).

Judgment affirmed.