Ann Meanor, deceased, and a plaintiff here, was notified to lay the pavement on the footwalk or was served with any writ of scire facias issued on the lien filed against the property. The record shows that no judgment was entered against J. B. Meanor on the scire facias issued on the lien. These facts make it apparent that his interest in the property was not subjected to the lien by the borough, nor bound by the judgment on which the property was sold.

For the reasons above stated, we are of opinion that the lien filed by the borough to enforce the payment of the claim for paving the sidewalk in question was without validity as to the heirs of Ann Meanor, deceased, the remainder-men ; that the judgment thereon was not entered against them and did not bind their interests or estates in the land ; and that the sale and conveyance by the sheriff on the judgment did not sell or convey their interests or estates in the land to the purchaser.   It follows that the learned trial judge erred in directing a verdict for the defendants in this action, and that under all the evidence in the case the verdict should have been for the plaintiffs.

The judgment is reversed, and judgment is now entered for the plaintiffs and against the defendants for that part of the premises described in the writ to which no disclaimer was entered by defendants, with six cents damages and costs.

---

# Holmes *v.* Dowler, Appellant.

*Deed—Incumbrances—Railroad  siding—Specific  performance—Equity.*

Where an owner of land on which there is a railroad siding leases the same for a term of years, reserving the use of the siding, but giving to the lessee an option to purchase the land "the title to be a fee simple title, clear of all incumbrances," the lessee in exercising the option has a right to a deed in fee simple without any reservation as to the siding.

Argued Oct. 25, 1906.   Appeal, No. 77, Oct. T., 1906, by defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1902, No. 677, on bill in equity in case of W. M. Holmes now

for use of the Crown Wall Plaster Company v. Eli R. Dowler.
Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and
STEWART, JJ.  Affirmed.

Bill in equity for specific performance.  Before FRAZER, P. J.

From the record it appeared that on November 19, 1897, defendant executed a lease of certain land in the borough of Braddock to William M. Holmes for the term of five years at an annual rental of $500.  The lease contained, inter alia, the following:

" Provided, however, and it is expressly agreed by both parties hereto that said Dowler reserves unto himself, his heirs, executors, administrators and assigns, the right to occupy, maintain, use and operate the railroad siding extending from the Pittsburgh, McKeesport and Youghiogheny Railroad across the northeasterly corner of said lot where said railroad siding is now located.  And it is expressly further agreed that said Holmes, his heirs, executors, administrators and assigns, shall not and will not in any manner nor at any time blockade or in any manner obstruct the said Dowler and the said Pittsburgh, McKeesport & Youghiogheny Railroad Company in the use and operation of said railroad siding as and where now located.  The said Holmes to have and to hold the said tract of ground and all and singular the premises hereby demised with the appurtenances (subject to the reservation aforesaid) from the date hereof for and during the term of five years."  It was further provided that Holmes should have the right and first option of buying the leased premises at any time within 2½ years from the date of the agreement at the price or sum of $10,500, or at the price or sum of $11,000 at any time after the expiration of 2½ years and prior to the expiration of the term of the lease, and in the event of a purchase by Holmes or his assignee it was provided that "the title to be a fee simple title, clear of all encumbrances."

The agreement was subsequently assigned, with the consent of defendant, to the Crown Wall Plaster Company, a corporation of the state of Pennsylvania.

The Crown Wall Plaster Company on May 3, 1902, elected to purchase the lot, and defendant thereupon tendered to it a deed in which there was a reservation of the use of the siding.

The plaintiff refused to accept the deed on the ground that it was entitled to a deed free of all incumbrances.

FRAZER, P. J., after stating the facts, found the following conclusions of law :

1. The defendant's contention is that plaintiff is not entitled to have the land free from the defendant's railroad siding, because that siding was there at the time of the execution of the lease, and its existence was known to lessor. In other words, that this case is ruled by the line of cases which hold that a purchaser of land, in the absence of an express reservation to the contrary, takes the property subject to any apparent existing servitude. This is undoubtedly the rule where the servitude is for the benefit of a third party, but where the servitude is for the benefit of the grantor, and no one else, it seems to us a conveyance of the property will extinguish the servitude, unless the same is expressly reserved. In this case, the defendant did not reserve the railway siding in the event of a sale of the premises ; on the contrary, he bound himself to convey by " title, clear of all encumbrances," which, as we understand it, means an absolute, entire and unincumbered estate. That such was intended by the parties is further indicated by the fact that the agreement specifically reserves to defendant the use of the siding during term of the lease, and follows that reservation by the clause providing a fee simple title, clear of all incumbrances, in the event of a purchase by the lessee. With the railway siding upon the premises, and the right remaining in defendant and his heirs and assigns to maintain and operate it, the deed tendered does not convey an absolute and unincumbered estate.

2. The contention of defendant that the deed should be reformed because of the mistake of the scrivener in omitting to reserve the railway siding in the event of the sale of the property, has not, in our opinion, been established. To warrant the reformation of a written instrument, the testimony establishing a mistake must be clear, precise and indubitable, and must establish the fact beyond a reasonable doubt. Here we are unable to say from the testimony that beyond a reasonable doubt there was a mistake made in drawing the agreement. Two gentlemen, both reputable, testify positively on

that question. One says there was an omission; the other says there was not. Under those circumstances, the agreement must stand as written.

3. That the plaintiff is entitled to specific performance, as prayed for.

*Error assigned* was the decree for specific performance.

*R. C. Duncan*, with him *E. J. Smail*, for appellant.—Where an incumbrance is such as affects the physical condition of the property, it is presumed : (a) that the grantee bought with notice of it; (b) that it was in contemplation of the parties, and that the price was fixed with reference thereto : Patterson v. Arthurs, 9 Watts, 152; Wilson v. Cochran, 48 Pa. 107; Memmert v. McKeen, 112 Pa. 315; Friend v. Oil Well Supply Co., 179 Pa. 290.

Where a continuous and apparent easement or servitude is imposed upon land, a purchaser of the servient property, in the absence of an express reservation or agreement on the subject, takes the property subject to the easement or servitude : Seibert v. Levan, 8 Pa. 383; Kieffer v. Imhoff, 26 Pa. 438; Phillips v. Phillips, 48 Pa. 178; Penna. R. R. Co. v. Jones, 50 Pa. 417; Cannon v. Boyd, 73 Pa. 179; Zell v. Universalist Society, 119 Pa. 390; Geible v. Smith, 146 Pa. 276; Grace M. E. Church v. Dobbins, 153 Pa. 294; Ormsby v. Pinkerton, 159 Pa. 458; Friend v. Oil Well Supply Co., 179 Pa. 290; Manbeck v. Jones, 190 Pa. 171; Held v. McBride, 3 Pa. Superior Ct. 155; Koons v. McNamee, 6 Pa. Superior Ct. 445; Stuart v. Line, 11 Pa. Superior Ct. 345.

*R. A. Balph*, with him *James Balph*, for appellee.

PER CURIAM, January 7, 1907 :

Decree affirmed on the conclusions of law in the opinion of the court below.