Argued April 10, 1934.
It is against the public policy of the State of Pennsylvania to permit any discrimination amony policyholders of the same class: Reed v. Ins. Co., 50 Pa. Super. 384.
The statutes of the State relating to insurance, in force at the time a policy is issued, must be regarded as entering into and forming a part of the contract to the same effect as if embodied therein.
The policy was issued through a mistake mutual to both parties.
The court can and should reform the contract: McCurdy's Est.,303 Pa. 453; Waychoff v. Waychoff, 309 Pa. 300; Swing v. Munson, 191 Pa. 582; Employers Mutual Ins. Co. v. Pakradooni,84 Pa. Super. 532.
Simon Pearl, with him Henry Arronson, for appellee. — Where the negligence of the insurer was the cause of the mistake and no mutual mistake of the parties is shown, reformation should not be granted.
Having, for twenty years, accepted appellant's premiums on the policy in suit, appellee is estopped from now asserting a clerical mistake in avoidance of its contractual obligation.
The law to be applied in the construction of the contract, as to matters involving performance of its terms, is the law of New York: York Metal Alloy Co. v. Steel Co., 280 Pa. 585; Burnett v. R. R. Co., 176 Pa. 45; Hughes v. R. R. Co., 202 Pa. 222; Musser v. Stauffer, 192 Pa. 398; Putnam's Est., 12 Pa. D. C. 106; Krantz v. Kazenstein, 22 Pa. Super. 275.
Assuming that any discrimination existed in the issuance by defendant of the policy in suit, such voluntary discrimination by defendant, not participated in by the plaintiff, cannot be availed of to avoid the terms of the policy. *Page 44 
There is no settled public policy in Pennsylvania permitting an insurer to take advantage of its own violation of the statutes prohibiting discrimination: Curran v. Ins. Co.,251 Pa. 420.
It is only when a party is obliged to make out his case by showing an illegal contract or transaction that he is not entitled to recover: Stern Co. v. Ins. Co., 269 Pa. 559.
The judgment of the Superior Court, reversing the judgment of the Municipal Court of Philadelphia County, is affirmed on the clear and comprehensive opinion by Judge CUNNINGHAM.