## Dintenfass v. Greenberg, Appellant.

Argued January 22, 1935.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Yale L. Schekter,* for appellant.

*Samuel J. Gottesfeld,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 25, 1935:

In this action plaintiff seeks recovery from defendant
of the amount which the former had to pay in discharge
of a deficiency judgment recovered against him on a mort-
gage which he executed, covering premises then owned by
him, subsequently conveyed by him to defendant "under
and subject" to the mortgage.   The jury found in plain-
tiff's favor and from the judgment entered against him
defendant appeals.

Plaintiff owned the property 263 South 15th Street,
Philadelphia.   On January 18, 1926, he executed a mort-
gage thereon in the sum of $45,000.   October 29, 1926, he
conveyed the property to defendant "under and subject"
to the mortgage.   The property was subsequently, on
April 27, 1928, conveyed by defendant to Rose O. Brill-
hart also "under and subject" to the payment of the mort-
gage.   The mortgage becoming in default was foreclosed
by the mortgagee, and, at the sheriff's sale, the property
realized only $41,000.   The mortgagee through proceed-

ings on the bond accompanying the mortgage recovered judgment against the plaintiff for the deficiency thereon; thereafter plaintiff brought this suit to recover the sum he had been obliged to pay.

In his affidavit of defense defendant set up that plaintiff did not sell the property to him, but to James Elverson, Jr., who paid the purchase price above the mortgage. Defendant averred that, at the request of Elverson, plaintiff made the deed to defendant as the nominee of Elverson, and that, at that time, it was verbally agreed between Elverson and defendant that he, defendant, would contemporaneously convey the property to Rose O. Brillhart, that defendant would merely be a conduit through whom title would pass from plaintiff to her, and that plaintiff knew all of these facts, and knew also that defendant had no interest in or ownership of the property.

Plaintiff denied that Elverson was ever mentioned in the transaction and stated his understanding to be that defendant and his brother Reynold H. Greenberg were the real purchasers. To sustain his position plaintiff offered in evidence the records of the title company which insured the title and these showed that the application for title insurance called for an owner's certificate to be issued to defendant and that the title policy was issued to him as owner.

The trial judge submitted to the jury the issue tendered by the affidavit of defense, namely, whether the conveyance by plaintiff to defendant was a grant to him as the actual purchaser or whether Elverson was the real purchaser and defendant acted merely as a straw man, and whether plaintiff knew of this arrangement and that defendant was not the actual purchaser but that Elverson was.

Before us the principal factor advanced by appellant for the reversal of the judgment is the affirmance of plaintiff's third point for charge, which reads: "It is immaterial that the agreement for the sale of premises 263 S. 15th Street originally mentioned Alvin M. Greenberg as

the purchaser. All negotiations and prior agreements were merged in the deed from plaintiff to defendant." As we gather from the record, defendant did not at the trial attach much significance to the circumstance outlined in this point. Then the contest was over the question whether Elverson was the real purchaser and whether plaintiff knew he was. It is true the agreement of sale of the property was made by plaintiff with Alvin M. Greenberg, not with Joseph J. Greenberg, the defendant, to whom the deed was made. The defense set up was not as to anything growing out of the contract and the plaintiff claimed no rights under it, his claim being based on the covenant in the deed. The agreement really plays no part in the case. Even as to parties to a contract there is a legal presumption that an agreement of sale is merged in the deed: Dobkin v. Landsberg, 273 Pa. 174; a presumption which is conclusive as to those matters covered by the deed: Crotzer v. Russell, 9 S. & R. 78, 80; Jones v. Wood, 16 Pa. 25, 38; Cronister v. Cronister, 1 W. & S. 442, 444; and this presumption is rebuttable only as to such covenants of the agreement which might be intended to survive it: Caveny v. Curtis, 257 Pa. 575, 581; Lehman v. Paxton, 7 Pa. Superior Ct. 259, 263; which is not the situation here. There were no covenants in the agreement intended to survive the deed. Here every one concerned agreed that Joseph J. Greenberg, the defendant, should be named as grantee in the deed instead of Alvin M. Greenberg. Defendant's own contention makes it immaterial that Alvin was named in the agreement, because he insists that, although Alvin was named, another, Elverson, was the real purchaser.

In the very recent case of Britton v. Roth, 313 Pa. 352, 356, we said: "The law is well settled that the grantee of mortgaged premises takes them with a contingent liability to reimburse his grantor for any loss arising through nonpayment of the mortgage debt, where the deed recites that the conveyance is 'under and subject' to the mortgage on the property," and we pointed out that, "The lia-

bility of grantee to reimburse his grantor for any loss growing out of the mortgage debt is based on the rule that where a mortgage debt, created by the vendor of real estate, is made part of the consideration to be paid, or assumed by the vendee, the recital in the deed to the vendee that the conveyance is made 'under and subject' to the mortgage debt, implies an obligation by the vendee to indemnify the vendor against any liability by reason of that debt, and that the liability thus arising is not simply de terris, but is coextensive with the original obligation." In that case we fixed liability upon one who claimed that he was only a dry trustee. All that defendant in the instant case really claims is that he accepted title as a favor to Elverson.

As to appellant's further contention that the verdict was perversely against the evidence and therefore a new trial should be granted, we need only say that a careful reading of the record fails to convince us of the merit of this contention.

Judgment affirmed.