## Nedwidek v. Larson, Appellant.

Argued April 26, 1935. 

 Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ. 

*John McKelvie,* for appellant.

*John M. Reed,* with him *Jas. H. Brennan,* for appel-
lee.

OPINION BY RHODES, J., October 2, 1935:

The plaintiff owned a property on Beaver Avenue,
Pittsburgh. On October 5, 1928, plaintiff gave a mort-
gage and an accompanying bond to David Hirsch, for

$6,000, covering this property. On the same day, plaintiff conveyed this property to the defendant, Larson, by a deed containing the following clause: "This deed is delivered subject to a certain mortgage in the real debt of $6,000, made by Louis R. Nedwidek to David Hirsch, dated October 5, 1928, and to be recorded, which said mortgage the party of the second part hereto hereby assumes and agrees to pay as part of the consideration hereof." The plaintiff, on August 1, 1931, was compelled to pay $854.30, under an attachment execution issued against him as mortgagor of the above property, which is the amount he claims to recover in this action of assumpsit.

The defendant denied liability, alleging that the insertion of the above cited clause in the deed was: (1) A mistake of the scrivener, and contrary to an agreement between the parties that the defendant should assume no liability whatsoever for the payment of such mortgage; and (2) that defendant received no consideration for his personal assumption of the mortgage debt. In support thereof, the defendant introduced in evidence a written agreement dated September 8, 1928, by the terms of which the plaintiff agreed to buy a property belonging to the defendant, situated on Parker Drive, Pittsburgh, and to pay the sum of $20,750; "and as a further consideration" for said property, the plaintiff agreed to convey his Beaver Avenue property to the defendant "in fee simple, clear of all encumbrances." This agreement was carried out, as shown by the deed for the Parker Drive property from Larson, the defendant, and his wife, to Nedwidek, the plaintiff, dated October 3, 1928, and was offered in evidence by the defendant.

The defendant entered into an agreement, dated September 10, 1928, with Joseph J. Goldsmith, for the sale of the Beaver Avenue property for $8,000 in "cash on delivery of deed." He then conveyed this property to

Goldsmith, by deed dated October 5, 1928, for the consideration of $8,000. This deed contained the same clause relative to the assumption of the $6,000 mortgage on this property as is set forth in the deed from the plaintiff to the defendant. Goldsmith gave the defendant a $1,500 second mortgage and $500 in cash. An employee of the real estate company, which acted as agent for both parties in the transaction involving the exchange of properties between the plaintiff and defendant, testified that the proceeds of the $6,000 mortgage from the plaintiff to Hirsch were turned over to the defendant as part payment for the Parker Drive property.

At the conclusion of the testimony the lower court directed a verdict for the plaintiff. Defendant appeals, assigning as error such action on the part of the trial court.

The appellant does not claim, nor could he properly do so, that he is not liable to the plaintiff if the clause in the deed is allowed to stand without modification. When a deed contains a clause whereby the grantee assumes and agrees to pay a mortgage on the property, the grantee is liable to his grantor for any loss through non payment of the mortgage debt; and the Act of June 12, 1878, P. L. 205, §1 (21 PS §655), does not affect the rights of the parties as between the grantor and his grantee, but only applies to the rights existing between the holder of the encumbrance and the vendee. Britton v. Roth, 313 Pa. 352, 169 A. 146; Kirker v. Wylie, 207 Pa. 511, 56 A. 1074; Blood, Exr., v. Crew Levick Company, 171 Pa. 328, 33 A. 344.

Even though the defendant resold the mortgaged premises to Goldsmith, who in turn assumed and agreed to pay the mortgage debt, he is not thereby relieved of his obligation to indemnify the plaintiff. Kirker v. Wylie, supra; Greenspan v. Margolis, 70 Pa. Superior Ct. 373.

The appellant's second assignment of error is to the court's failure to charge as follows: "If the jury believe from the testimony that the insertion of the personal liability clause in the deed from Nedwidek to Larson was a mistake of the scrivener and that no one authorized him to insert the same, their verdict must be for the defendant."

Marcellus G. Wittman, an employee of the real estate company which handled the deal, testified that he prepared the deed of the Beaver Avenue property from the plaintiff to the defendant; that the assumption-of-mortgage clause used in this case was always inserted by the company in the case of a sale subject to a mortgage; and that nobody authorized him to insert it in the deed. With the exception of the written agreement covering the sale of the Parker Avenue property by the defendant to the plaintiff, this was the only evidence of mistake which was offered by the defendant. It was clearly insufficient to require submission of the question to the jury. In order to invalidate a written instrument, the evidence showing mistake must be clear, precise, and indubitable, and of the same standard as that required to reform a written instrument; and it must further appear that the mistake was mutual. Pender v. Cook et al., 300 Pa. 468, 150 A. 892; Preis and Preis v. Mulholland & Gotwals, Inc., 96 Pa. Superior Ct. 104; Holmes v. Dowler, 216 Pa. 500, 65 A. 1088; Kaufman v. New York Life Insurance Company, 315 Pa. 34, 172 A. 306.

Appellant's third assignment of error is to the court's failure to charge, as requested, that if no consideration passed from the defendant to the plaintiff, and the defendant was merely a dry trustee to transmit title to Goldsmith, the defendant would not be liable in this action. There was no evidence to warrant the affirmance of this point. The plaintiff had agreed to purchase the property of the defendant. The consideration was a

cash payment and the conveyance, clear of all encumbrances, of the Beaver Avenue property. The defendant then entered into an agreement with Goldsmith to sell to him the Beaver Avenue property for $8,000 in "cash on delivery of deed," providing the defendant obtained title to the property from the plaintiff. The defendant obtained title to this Beaver Avenue property from the plaintiff, and delivered his deed to Goldsmith. The evidence shows that the defendant, instead of taking the Beaver Avenue property clear of all encumbrances, as the agreement provided, took it subject to the $6,000 mortgage to Hirsch, and received the proceeds of this mortgage in cash as part consideration for the Parker Drive property. Instead of receiving $8,000 in cash from Goldsmith, as the agreement relative to the Beaver Avenue property provided, the defendant conveyed this property to Goldsmith subject to the $6,000 mortgage, and received in return a $1,500 second mortgage and $500 in cash.

If the defendant had taken the Beaver Avenue property as provided in the agreement, he would have assumed no liability for a mortgage. If he had then sold this property to Goldsmith, in accordance with the terms of the agreement, he would have received $8,000 in cash. But the defendant saw fit to take title from the plaintiff to the Beaver Avenue property, subject to the $6,000 mortgage, the proceeds of which he received; and he then conveyed the property to Goldsmith, subject to the same mortgage. The defendant's deed to Goldsmith for the Beaver Avenue property contained the same assumption-of-mortgage clause as the deed from the plaintiff to the defendant.

It is apparent that this was a matter entirely within the control and discretion of the defendant. The defendant received $6,500 in cash from the Beaver Avenue property, and a second mortgage of $1,500. Had he taken the Beaver Avenue property, clear of all encum-

brances, in accordance with the agreement of sale, he probably would have been obliged to have sold it to Goldsmith or some one else on less advantageous terms. The placing of a $6,000 mortgage on this property, the proceeds of which were turned over to the defendant, was plainly for the benefit of the defendant.

The fact that the defendant received $6,000 in cash through the mortgage executed by the plaintiff, instead of taking the property clear of all encumbrances, as the agreement provided, furnishes ample consideration for his assumption of the contingent liability to indemnify the plaintiff mortgagor.

The appellant, in his argument, contended that the deed from the plaintiff to him did not conform to the agreement of sale between the parties. There is no merit to this contention. It may likewise be said that the deed from the appellant to Goldsmith did not conform to the agreement between Goldsmith and the appellant.

We are of the opinion that the appellant, by accepting the deed for the Beaver Avenue property subject to the mortgage of $6,000, assumed liability to reimburse the plaintiff for any loss arising through the non payment of the mortgage debt. There was not sufficient evidence of mistake to warrant a submission of the question to the jury. The allegation of lack of consideration is without merit, as is the contention of the appellant that the deed from the plaintiff to him did not conform to the agreement of sale. "The defense set up was not as to anything growing out of the contract and the plaintiff claimed no rights under it, his claim being based on the covenant in the deed. The agreement really plays no part in the case. Even as to parties to a contract there is a legal presumption that an agreement of sale is merged in the deed: Dobkin v. Landsberg, 273 Pa. 174; a presumption which is conclusive as to those matters covered by the deed: Crotzer v. Russel, 9 S.

& R. 78, 80; Jones v. Wood, 16 Pa. 25, 38; Cronister v. Cronister, 1 W. & S. 442, 444; and this presumption is rebuttable only as to such covenants of the agreement which might be intended to survive it: Caveny v. Curtis, 257 Pa. 575, 581; Lehman v. Paxton, 7 Pa. Superior Ct. 259, 263; which is not the situation here. There were no covenants in the agreement intended to survive the deed": Dintenfass v. Greenberg, 318 Pa. 20, 23, 177 A. 788, 789.

Under all the evidence in this case, the presumption that the agreement of sale was merged in the deed must prevail. Dintenfass v. Greenberg, supra; Dobkin v. Landsberg et ux., 273 Pa. 174, 116 A. 814.

We are all of the opinion that there was no error in the action of the court below.

The assignments of error are overruled, and the judgment is affirmed.