## LONG v. FIRST NAT. LIFE INS. CO.
### No. 16085.

Court of Appeal of Louisiana. Orleans.
April 29, 1935.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellant.

Geo. P. Nosacka, of New Orleans, for appellee.

WESTERFIELD, Judge.

Miss Rose Long, the beneficiary of a policy of industrial life insurance, brought this suit against the insurer, claiming the face value of the policy, $240. The defense is that the insured, Walter Long, died of "general paralysis of the insane," which is especially exempted from coverage in the original policy under a clause reading as follows: " * * * Benefits will not be paid at any time for death resulting from violation of law, immorality, alcoholism, venereal diseases or insanity. * * .* "

The original policy was not produced, and an alleged duplicate, which is in evidence, does not contain the restricted coverage of the original. A reformation of the contract of insurance is asked for upon the ground of mutual error.

There was judgment below in favor of plaintiff, as prayed for, and defendant has appealed.

Without discussing the evidence in detail, it is sufficient to say that it is overwhelmingly to the effect that the policy sued on was issued in error under a belief that it was a duplicate of the original policy on the life of Walter Long, and that the original policy contained a clause exempting from coverage death due to insanity, the admitted cause. As a matter of fact, there is no serious contention to the contrary.

In a very recent case, decided by this court on April 15, 1935, Singleton v. First National Life Ins. Co., 160 So. 437, 438 (not yet reported [in State report]), which arose from a controversy over the amount due under an insurance policy in which an error was made in the statement of the amount of insurance, the defendant was upheld in its prayer for a reformation of the contract. We said in that case: "The facts show conclusively that the amount of insurance the parties intended should be issued was $120., The application signed by the insured contains the figures '$120.00.' It is shown that the premium paid was the correct premium for a policy in the sum of $120, and that an additional premium would have been required to support a policy of $129."

Numerous authorities were cited in support of this holding.

Plaintiff contends, however, that that case is not applicable because the mistake in the case at bar was unilateral and not mutual; citing American Bldg. Maintenance Co. v. Indemnity Ins. Co., 214 Cal. 608, 7 P.(2d) 305, Kaufman v. New York Life Ins. Co., 315 Pa. 34, 172 A. 306; Smith Bros. Properties Co. v. Ætna Life Ins. Co. (C. C. A.) 62 F.(2d) 43; New York Life Ins. Co. v. Street (Tex. Civ. App.) 265 S. W. 397, Atlantic Life Ins. Co. v. Pharr (C. C. A.) 59 F.(2d) 1024. These cases are authority for the proposition in support of which they are cited, and are to the general effect stated in New York Life Ins. Co. v. Kimball, 93 Vt. 147, 106 A. 676: "The company made a mistake in computing the term of the continuance of the policy. The insured did not know of the mistake during his lifetime and did not even believe that a mistake had been made, and the company did not discover it until after his death. Held, that the mistake was not mutu-

al, but unilateral, and that equity would not reform the indorsement." (Syllabus.)

The error here, however, was mutual. The manner in which the mistake happened was as follows: During the last illness of insured, Miss Rose Long, the beneficiary and plaintiff herein, called at the office of defendant and asked for a duplicate policy. The clerk to whom the request was addressed selected a policy which superficially appeared to be the same as the type which had been issued to Walter Long, and marked it "duplicate," and handed it to her. It developed, however, that though the policy appeared to be the same, it did not contain the clause exempting death from insanity from coverage which was in the original policy. There was, therefore, no unilateral, but a mutual, mistake, for the reason that Miss Long asked for and expected to receive, and the defendant's agent intended to give, a policy in all respects identical with the one which the assured had, but, due to the mistake on the part of the clerk, the policy handed her was not a duplicate of the original, and, therefore, she did not get what she asked for, and obviously the defendant's agent did not give her a copy of the original policy as she intended to and thought she had. In our opinion, the case is controlled by Singleton v. First National Life Insurance Company, supra, and authorities there cited.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff's suit be dismissed at her cost.

Reversed.