Weightman, Appellant, v. Weightman et al.

Argued April 29, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Simon Pearl,* with him *J. Jerome Sklar,* for appellant.

*H. J. Alker, Jr., B. H. Oehlert* and *L. B. Schofield,* for appellees, were not heard.

OPINION BY MR. JUSTICE STERN, May 15, 1941:

Plaintiff, Marie Paul Weightman, was married to defendant, William Walker Weightman, in 1917. A year later he deserted her. In 1923 she brought a bill in equity in the Municipal Court of Philadelphia against him and the trustees of estates of which he was a spendthrift trust beneficiary, seeking to have a portion of his income set apart for her support. In 1924, at her instance, the District Attorney of Philadelphia County issued a warrant of seizure which likewise was aimed to sequester and appropriate part of his income for her maintenance. Negotiations were thereupon entered into by counsel representing plaintiff, counsel representing defendant, and counsel representing the trustees, the result of which was a settlement whereby plaintiff received $3,750 out of the accumulated income then due defendant from the trusts, and she, in consideration of this sum, caused all the proceedings to be discontinued, and, on January 19, 1925, executed a formal release of her claims.

The present bill in equity, brought in December, 1938, contains two prayers, one for the reformation of this release, the other for its annulment.

In support of the prayer for reformation, plaintiff avers, with manifest inconsistency, that the release, properly construed, discharged defendant's obligation for her support only up to the time it was executed, but—apparently on the theory that it purported also to discharge her claims to future support and to prop-

erty rights in his estate—that reformation was required in order to restrict the release to a discharge of her then existing claims. We express no opinion as to the proper interpretation and legal effect to be given the release as it now stands; that question (if not already adjudicated in proceedings in 1930 and 1931 in the Municipal Court) can be determined if an action for support is instituted and the release offered by way of defense, and, as far as plaintiff's rights in defendant's estate are concerned, in proceedings in the Orphans' Court at the time of defendant's death. But plaintiff is not entitled to a reformation of the release even if, as she seems to apprehend, its language is broader than it should have been. She expressly repudiates any charge of fraud or misrepresentation, as indeed, she is bound to do in view of the fact that she was represented by counsel in the negotiations leading to the execution of the release. She has attempted to prove that the release, as drafted, does not express her intention and understanding in regard to the settlement, but she has not established that if there was a mistake it was a mutual one, which is a prerequisite to equitable relief *(Waslee v. Rossman,* 231 Pa. 219, 230, 80 A. 643, 647; *Bosler v. Sun Oil Company,* 325 Pa. 411, 421, 190 A. 718, 722) or, at least, that defendant knew she was laboring under a mistake as to the scope of the release but remained silent and thus in effect was guilty of fraud or bad faith *(Kaufman v. New York Life Insurance Company,* 315 Pa. 34, 39, 40, 172 A. 306, 308; *Overholt v. Reliance Insurance Co. of Philadelphia,* 319 Pa. 340, 345, 179 A. 554, 557). To warrant the reformation of a document on the ground of mutual mistake, the evidence must be clear, precise and indubitable: *Allinger v. Melvin,* 315 Pa. 298, 304, 172 A. 712, 714; *Broida v. Travelers Insurance Co.,* 316 Pa. 444, 447, 175 A. 492, 494; *Bosler v. Sun Oil Co.,* 325 Pa. 411, 420, 421, 190 A. 718, 721, 722. The present record contains no such evidence.

The prayer of the bill to have the release annulled rests upon plaintiff's contention that, if it was intended to be in full of all her future claims to support and all her rights in defendant's estate, the settlement was in-adequate, unfair and unconscionable because the consideration received by her was grossly disproportionate to defendant's means. While she testified that she then knew only "in a general way" the extent of his interest in the estates of which he was a beneficiary, the fact is that the trustees had filed answers in the Municipal Court proceedings setting forth in detail the amount of the income payable to him and the terms of the wills under which he was entitled, so that there was no concealment of his financial status. She argues, however, that a husband's legal obligation to support his wife requires him to make financial provision for her in an amount commensurate with his resources, and she calls attention to the fact that she was but thirty-two years of age when the release was executed and the amount paid her was only about one-half of defendant's income from the trust estates for a single year. Whether equity, notwithstanding full disclosure by the husband, would decree a nullification of the release under such circumstances need not now be determined in view of the laches of plaintiff in seeking relief. Fourteen years have gone by since she gave the release, and, during all that period, while it is true that ten years ago she instituted in the Municipal Court further proceedings for support and has also caused defendant to be arrested on other charges, she did not attempt to have the release set aside on the ground that the settlement made in 1925 was inequitable. Meanwhile there has been a complete change in defendant's circumstances in that, in 1934, he was adjudged unable to take care of his property and guardians of his estate were appointed; since that same year he has been confined in the Norristown State Hospital under the provisions of the Mental Health Act

of July 11, 1923, P. L. 998. Moreover, while there is no testimony as to the value of his present interest in the trust estates or the amount of his income therefrom, it is fairly safe to presume that both principal and income have shrunk considerably since 1925. Whatever legal rights plaintiff may possess, she cannot, after inaction for so many years, successfully invoke the jurisdiction of equity to have the release declared a nullity.

The decree is affirmed; the parties to pay their respective costs.