## Gillespie et ux. v. Weaver, etc.

*S. H. Goodman* and *Kline & Kline,* for plaintiff.
*Snyder, Wert & Wilcox,* for defendants.

HENNINGER, P. J., July 18, 1949.—Plaintiff William F. Gillespie is the son of defendant Rosa M. Gillespie and the nephew of defendant Frank A. Weaver and of Annie J. Weaver. Defendants were in 1937 the owners of a house and lot at the northwest corner of Main and State Streets in the Borough of Coopersburg, Pa.

In 1937 defendants by written agreement agreed to sell the premises to plaintiffs for $3,000, payable in monthly installments of not less than $17 per month, a deed to be given and purchase money mortgage accepted when the monthly payments amounted to $2,000. The agreement contained the following provision:

"At any time in case second parties desire to sell their interest in said premises First parties hereby shall have the right first, before any other person, to repurchase said premises for the principal amount that second parties have paid thereon or therefor plus the amount expended for improvements made on said premises."

Prior to October 14, 1942, plaintiffs had completed payment of the entire purchase price and on that date defendants tendered to plaintiffs a deed to the premises in question which deed was refused by plaintiffs because defendant Frank J. Weaver had obtained no authority from the court to convey the interest of Annie J. Weaver.

On June 11, 1943, defendants conveyed said premises to plaintiffs, having obtained the proper authority from the Court of Common Pleas of Lehigh County. Neither deed contained any reference to the aforesaid option to repurchase although both deeds incorporated a covenant in the agreement for an easement for light and air.

In 1949 plaintiffs placed a "For Sale" sign on the premises, whereupon they received a written notice from defendants' counsel calling attention to the option to repurchase and asking for a statement of improve-

ments so that defendants could exercise their option. At the same time defendants acknowledged the sales agreement of 1937 and caused it to be recorded in the office of the recorder of deeds.

Plaintiffs filed the complaint in this action to quiet title setting forth the above facts and complaining that the recording of the agreement of sale with the repurchase option constituted a cloud on their title, to which defendants filed an answer admitting all of the facts but answering that it had been the understanding of the parties that the property was to be kept in the family to provide a home if necessary for Annie J. Weaver and that the option was to remain in force, even after delivery of a deed.

Plaintiffs have now moved for judgment on the pleadings, averring (1) that the answer fails to state a legal defense; (2) the alleged option is void as violating the rule against perpetuities; (3) the option was superseded by an outright deed; (4) no averment of omission from the deed by fraud, accident or mistake.

Taking the reasons in reverse order, the defense is not based upon any claim that the option clause was omitted from the deed by reason of fraud, accident or mistake and therefore defendants must stand or fall upon the proposition that the clause in the agreement survived the delivery of the deed.

The general rule is that all clauses in an agreement of sale for real property are merged in a deed: Dobkin v. Landsberg, 273 Pa. 174, 183. This presumption is conclusive excepting as to covenants, which might be intended to survive. It is rebuttable as to such covenants: Dintenfass v. Greenberg, 318 Pa. 20, 23; Nedwidek v. Larson, 119 Pa. Superior Ct. 198, 205.

We have found no authority one way or the other as to whether an option to repurchase is the kind of covenant which would be intended to survive the granting of a deed. If, however, it were an option to repur-

chase at some future time after conveyance to the grantee, it might be argued that the parties intended it to survive the deed, although the presumption of merger would nevertheless apply, the difference in that case being that the presumption of merger would then be rebuttable: Dintenfass v. Greenberg, supra; Nedwidek v. Larson, supra.

Judgment should be entered on the pleadings only if plaintiffs are clearly entitled thereto: Arcadia Theatre Co. v. Segall, 349 Pa. 412, 415; Silberman v. Crane, 158 Pa. Superior Ct. 186, 187.

Since the option was in writing, its interpretation is for the court: Meaker Galvanizing Co. v. Charles E. McInnes & Co., 272 Pa. 561, 565; Sheesley v. Bisbee Linseed Co., 337 Pa. 197, 201. What defendants say about it in their answer is so vague and indefinite as to shed no light on its meaning, even if evidence in support of the pleading were offered at a trial.

The answer avers that the option was given in order to assure a home for Annie J. Weaver, a weak-minded person and that plaintiffs knew of and approved this purpose and that they obtained title at a low price because of the option to repurchase. None of these matters, if true, would change the legal effect of the language of the option: Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 323.

Analyzing the terms of the option, we come to the conclusion that it was not intended to survive the conveyance of the premises. It seems clear that the option was to operate only during the life of the agreement because of two expressions therein.

The first is the use of the words "in case second parties desire to sell their interest in said premises". The words "their interest" seem to refer to their equitable title under the contract. Had the option been intended to survive the delivery of a deed, the more

natural expression would have been, "in case second parties desire to sell said premises".

The second expression that indicates that the option was for the period of the agreement alone is "to repurchase said premises for the principal amount that second parties have paid thereon, etc.". Had the parties intended the option to continue, they would have been more likely to have said, "for the purchase price" than "for the amount paid on principal".

Plaintiffs also urge cogently that the option clause was not intended to survive the delivery of a deed because a provision in the agreement providing for an easement for light and air was written into the deed while the provision for repurchase was not. There is some distinction between the two covenants, but plaintiffs' argument is very persuasive.

Viewing the option as we do, the question of its violation of the rule against perpetuities is at the same time answered and unimportant. It is unimportant because we believe the option expired by the necessary meaning of its terms with the delivery of a deed. If it expired by its terms with delivery of the deed, it did not violate the rule against perpetuities.

As we view the option it was a personal one. It was limited to the first sale of the premises by plaintiffs and it was personal to defendants. While the clause in the agreement binding heirs and assigns might have extended plaintiffs' obligation beyond their lives, it cannot be interpreted to extend the right of exercise of the option beyond the lives of the survivor among defendants. In that respect this case differs from Barton v. Thaw, 246 Pa. 358, cited by plaintiffs, for in the latter case, the option clearly extended not only to the owner, his heirs and assigns but also to the prospective purchasers, their heirs and assigns. Since an option is binding on the owner alone and is not binding upon the optionee, the general clause extending defendants'

obligations under the contract to their heirs and assigns, does not extend defendants' privileges beyond their own lifetimes.

The words "at any time" introducing the option to repurchase are limited to the period of the option, which we have interpreted to mean for the duration of the contract. They do not extend the option beyond lives in being.

Plaintiffs' first reason for judgment is a general one, that defendants have not stated a legal defense and we are of the opinion that it is valid for the reasons above stated. The option by its terms was operative only during the term of the agreement, and when the deed was delivered the agreement was fully executed and it was functus officio.

Defendants would not be permitted to prove the oral allegations in their answer as to plaintiffs' knowledge and understanding (Gianni v. Russell, supra; Silberman v. Crane, supra) that the property in question was to be available for Annie J. Weaver at any time. The reasons for incorporating a repurchase option clause in the agreement of sale, even if known to plaintiffs, cannot extend their covenant beyond its terms and neither can the consideration of a low price for the property.

That one of the defendants is acting in a representative capacity cannot prevent judgment. The admissions in his pleading, despite the averments in defense, show that plaintiffs are entitled to judgment. Under such circumstances, we have the right to enter judgment for want of a sufficient affidavit of defense against all defendants: Deere Plow Co. v. Hershey, 287 Pa. 92, 98; First National Bank of South Fork, etc., v. Plummer et al., 57 D. & C. 388, 391.

### Order

It appearing that all rights of defendants, Frank J. Weaver, individually and as guardian of Annie J. Weaver, a weak-minded person, and of Annie J. Weaver and Rosa M. Gillespie in a certain agreement of sale between said parties and plaintiffs, William F. Gillespie and Gladys A. Gillespie, his wife, dated July 10, 1937, and recorded in the recorder's office of Lehigh County, Pa., in miscellaneous docket no. 195, page 572, and especially the right and option on the part of defendants to repurchase plaintiffs' interest in premises at the Northwest corner of Main and State Streets in the Borough of Coopersburg, Pa., were terminated upon the consummation of the agreement by the delivery of a deed of conveyance by defendants to plaintiffs and the payment of the full purchase price by plaintiffs to defendants; and it appearing that defendants, by causing the agreement to be entered of record six years after the delivery of a deed to the premises, have cast a cloud upon plaintiffs' title to the premises;

Now, July 18, 1949, it is ordered, adjudged and decreed that the agreement of sale dated July 10, 1937, is now invalid, discharged and functus officio and that all rights of the parties thereunder have ceased and have been fully discharged and, specifically, that defendants are not entitled to repurchase the premises under the clause contained in the agreement and defendants are hereby forever barred from asserting any rights thereunder. It is further ordered that this decree or a certified copy thereof shall be entered in the recorder's office of Lehigh County, indexed against defendants and in favor of plaintiffs and that a note of its filing and the volume and page of its recording be entered upon the margin of the record of the agreement.