## Grange National Bank of Lycoming County v. Conville

*George M. Hess, Jr.*, for plaintiff.

*Candor, Youngman & Gibson*, for defendants.

GREEVY, J., April 13, 1956.—The Grange National Bank of Lycoming County, plaintiff, on November 10, 1954, entered a judgment by confession against John P. Conville, Doris E. Conville and Hughesville Manufacturing Company, Inc. (no. 439 September term 1954), in the amount of $2,500, and on August 1, 1955, entered a second judgment by confession against the same parties (no. 676 May term 1955) in the amount of $4,746.70.

John P. Conville and Doris E. Conville have petitioned this court to open the judgments. In support of their petitions they aver that by a mutual mistake of plaintiff and defendants the notes were improperly executed and signed as follows:

(No. 439, September Term, 1954)
    John P. Conville
    Doris E. Conville
    Hughesville Mfg. Co. Inc. (Seal)

(No. 676, May Term, 1955)
    Hughesville Mfg. Co.
    John P. Conville
    Doris E. Conville

Whereas, they should have been executed as follows:

(No. 439, September Term, 1954)
    John P. Conville, President
    Doris E. Conville, Secretary
    Hughesville Mfg. Co., Inc. (Seal)

(No. 676, May Term, 1955)
    Hughesville Mfg. Co. Inc.
    John P. Conville, President
    Doris E. Conville, Secretary

Plaintiff, in its answer, denies that there was any mutual mistake. The court issued a rule to show cause and depositions were taken in accordance with our order. The matter is now before us for disposition.

An application to open a judgment entered on a warrant of attorney is addressed to the sound discretion of the court, whose duty it is to determine whether the petition has a just defense to the claim upon which the judgment is based.

The Pennsylvania Uniform Commercial Code of April 6, 1953, P. L. 3, section 3-402, 12A PS §3-402, provides: "Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement." Under this section any ambiguity as to capacity in which a signature is made must be resolved that it is an endorsement. The question is to be determined from the face of the instrument alone and unless the instrument itself makes it clear that he has signed in some other capacity the signer must be treated as an endorser.

Section 3-403(2) provides: "An authorized representative who signs his own name to an instrument is also personally obligated unless the instrument names the person represented and shows that the signature is made in a representative capacity. The name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."

Under this section a representative is liable personally unless the instrument itself clearly shows that he signed only on behalf of another named on the paper. If he does not sign in such a way as to make that clear, the responsibility is his.

Under these sections any doubts are to be resolved against the representative and the court is required to look to the four corners of the instrument and

construe the writing, and the question is not for the jury.

If there is an injustice under these provisions the aggrieved party may have the remedy of reformation. In the matter before the court petitioners seek reformation and set forth that there has been a mutual mistake and therefore, the judgments should be opened.

Evidence of a mistake must be clear, precise and indubitable, otherwise relief will not be granted. The mistake must be such that would warrant a court of equity to reform the contract and in the main it must be a mutual mistake as to a material fact. The remedy of reformation is never granted on a probability or mere preponderance of evidence. Relief, by way of reformation, will be denied where the evidence is loose, equivocal or contradictory, or where it is open to doubt or opposing presumptions.

From this record, being the depositions, we find that the testimony as to mistake is not clear, precise and indubitable and is not of such weight and directness as to carry conviction to the mind, and that if there was a mistake, it was not mutual but unilateral and was due to no fault of plaintiff but to petitioners' own negligence, and reformation of the note would not be justified.

The testimony taken on the rule is insufficient to justify a chancellor reforming the note and likewise is insufficient to justify the submission of the question to a jury. In accordance therewith we find that petitioners do not have a meritorious defense to the claims upon which the judgments were based and the judgments should not be opened. See Henry on Pennsylvania Evidence, Vol. 2, §611. To reform a written document on the basis of such testimony as is before us would be contrary to law of Pennsylvania. See Seaboard R. B. Corporation v. Yassky, 176 Pa. Superior Ct. 453; Weightman v. Weightman, 342 Pa. 8.

620

We find, however, that the Hughesville Manufacturing Company, Inc., is not liable on the notes even though John L. Conville and Doris E. Conville may have been authorized to sign for the company, for the notes do not show that the signatures were made on behalf of the company. See Pennsylvania Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 3-401, 12A PS §3-401.

In accordance with the above we make the following

### Order

And now, April 13, 1956, the rule to show cause heretofore issued in this case on behalf of John P. Conville and Doris E. Conville, defendants, is discharged. It is ordered and decreed, however, that the judgments as against the Hughesville Manufacturing Company, Inc., be stricken from the record as though a verdict was given in favor of the Hughesville Manufacturing Company, Inc., by a jury. Costs on petitioners.