# Riesz's Appeal.

1. Specific performance of an agreement to sell real estate will not be decreed against a vendor, a married man, whose wife refuses to join in the conveyance, unless the vendee is willing to pay the full purchase-money and accept the deed without the wife; if not, he must resort to his action at law for damages.

2. No abatement which can be made in the price on the ground of the wife's right of dower, will be just to both parties without making a new contract for them.

3. Bitner *v.* Brough, 1 Jones 127, referred to as to damages.

[Riesz's Appeal.]

April 1st 1873.   Before READ, C. J., AGNEW, SHARSWOOD
and MERCUR, JJ.   WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of
*Philadelphia:* In Equity, of July Term 1871, No. 218.

On the 2d of June 1869, Samuel Saller filed a bill against John
Riesz and Margaret Riesz, his wife.

The bill set out:—

1, 2. On the 29th of May 1867, Riesz, with the consent and
concurrence of his wife, the other defendant, entered into an agree-
ment with the plaintiff to sell him a messuage and lot of ground
on Girard street, Philadelphia, for $2125, subject to a ground-rent
of $112.50, to be paid when the title should be examined and the
deed prepared, and on the same day the plaintiff paid Riesz $50
as part of the purchase-money.

3, 4. On the same day Riesz and wife delivered to the plaintiff
possession of the premises, and the plaintiff then executed to
Riesz a lease of the same for three years from May 29th 1867,
and Riesz accepted it and entered into possession of the premises
and still held the possession under the lease.

5, 6. As soon as the title was examined and the deed prepared,
the plaintiff tendered it to the defendant in accordance with the
agreement, and also tendered him $2075, the balance of the pur-
chase-money, but the defendants positively refused to receive the
purchase-money and execute the deed; plaintiff has ever since
been willing to pay the balance of the purchase-money and re-
ceive the deed; he still tendered the purchase-money and was
willing to pay it into court.

One of the prayers of the bill was that the defendants be
directed to execute and deliver to plaintiffs a deed of the premises
in accordance with the agreement, upon payment of the purchase-
money, &c.

The answer admitted that Riesz consented to sell the premises
as set out in the agreement; that his wife never concurred in the
sale, but on hearing that it had been made, expressed her determi-
nation not to become a party; that Riesz at the time of the
agreement was temporarily of unsound mind, as soon as he got
well he tendered the plaintiff the $50, and offered to pay all ex-
penses incurred by the plaintiff, but the plaintiff refused the offer.
They denied having delivered possession of the premises to the
plaintiff; they admitted that they refused to execute the deed and
receive the purchase-money.

The matter was referred to Thomas K. Finletter, Esq., as exa-
miner and master.

As master he reported the material facts substantially as set out
in the bill and answer; that the defendants peremptorily refused to
accept the purchase-money and execute and deliver a deed for the
premises to the plaintiff; there was no evidence that the wife was
consulted about the contract of sale, but with knowledge of it had

not expressed opposition to it.   The price agreed on was not alleged to be unfair or inadequate.

The report of the master as to the facts, having, after exceptions, been confirmed by the court, the matter was referred to Joseph A. Clay, Esq., as master, with instructions to report what amount of the purchase-money should be retained by the plaintiff on mortgage as compensation for any claim that the wife might make against the premises for dower as widow.

He reported: * * *

" The position of the plaintiff is analogous to that of a vendee claiming specific performance in equity, but willing to accept a part performance, from the inability of the vendor to perform the contract in full.   In such a case the vendee has a right to demand a performance *pro tanto* with a compensation for the deficiency by an abatement of the purchase-money :  Ervin *v.* Myers, 10 Wright 96 ; notes to  Seaton *v.* Slade, 3 Wh. & Tud. Lead. Cas. in Eq. *460, 461, 489 ; Story Eq. sect. 779, &c.   The only difference between cases of this description and that now before the master is, that here, the defect in title, though actual, and rendering it unmarketable, is nevertheless contingent, and such as cannot result in actual loss to the vendee, unless the wife of the vendor shall survive him.   The deduction from the purchase-money must therefore be contingent, and also the sum retained must be received in such a manner as may insure its payment to the vendor, if he shall survive his wife, or its absolute retention by the vendee, if the wife shall become entitled to her dower and shall recover it.   A mortgage of the premises themselves with proper conditions will fulfil these requirements, and it only remains to fix the amount.

" The claim of Mrs. Riesz, if it ever accrues, will be for one-third of the property for her life.   Such a claim is very far from being equal in value to the fee of one-third.   On the other hand, the plaintiff, if he takes title, will be unable to sell or dispose of the property in any way, except at a sacrifice ; while, if the premises appreciate in value in the future, the amount of the claim for dower may be greatly increased.

" Upon consideration of these contingencies, the master reports that the plaintiff, on receiving from the defendant, John Riesz, alone, a conveyance in fee of the premises described in the bill, shall pay to the defendant sixty per cent. of the purchase-money stipulated in the agreement of sale, first deducting the par of the ground-rent of $112.50, and shall execute a bond and mortgage of the premises to the defendant for the remaining forty per cent., conditioned for the payment of the principal to the said John Riesz, upon and immediately after the death of his wife Margaretta, if he shall survive her : otherwise, and if the said Margaretta shall survive her said husband, and shall claim, and receive or recover her dower in the premises, then the said bond shall be cancelled and the mortgage satisfied of record, and the

sum secured thereby shall belong to the plaintiff, and shall no longer be demandable of him. If the said Margaretta shall survive her husband and release or relinquish her claim of dower, then the said principal sum shall be paid to the legal representatives of the said John Riesz. The interest in the meanwhile is to be paid to the said John Riesz during his lifetime, or until he shall become entitled to the principal by the death of his wife in the said lifetime; but if the said Margaretta shall survive him, then all payment of interest shall cease at his death." * * *

After exceptions, the court (Allison, P. J.) confirmed this report and decreed :

1. That the defendant, John Riesz, alone, do, within thirty days from the date of this decree, execute and deliver a deed of the premises mentioned in the agreement set forth in the pleadings, dated the 29th day of May, A. D. 1867, to the plaintiff, his heirs and assigns, in fee simple.

2. That the plaintiff upon receiving from said defendant alone such conveyance in fee of said premises, do pay to said defendant sixty per cent. of the purchase-money stipulated in said agreemens, first deducting, &c., * * * and execute a bond and mortgage of said premises to said defendant for the remaining forty per cent., conditioned for the payment of the principal to said defendant upon and immediately after the death of his wife Margaretta, if he shall survive her; and if the said Margaretta shall survive said defendant, and shall recover her dower in said premises, then said bond to be cancelled and said mortgage satisfied of record, &c.; * * * the interest to be paid to said defendant during his lifetime, or until he shall become entitled to the principal by the death of his wife in his said lifetime. * * *

6. That the bill as to defendant, Margaretta Riesz, be dismissed without costs and without prejudice to her as to any claim she may hereafter have against said premises for dower or thirds, as the widow of defendant, John Riesz.

The defendant, John Riesz, appealed to the Supreme Court, and assigned the decree for error.

*H. S. Hagert* and *G. W. Dedrick*, for the appellants.—Chancery will not aid in any shape to enforce a contract to which the wife's assent is necessary, but will turn the plaintiff to an action at law for damages : Morton *v.* Mitchell, 2 Jac. & W. 425 ; Emery *v.* Wase, 8 Vesey 515 ; Frederick *v.* Coxwell, 3 Y. & J. 514 ; In the matter of Jane Hunter, Edwards's Ch. Rep. 6 ; Clark *v.* Seirer, 7 Watts 107 ; Riddlesberger *v.* Mintzer, 7 Watts 142 ; Shurtz *v.* Thomas, 8 Barr 363 ; Bitner *v.* Brough, 1 Jones 128 ; Hanna *v.* Phillips, 1 Grant 253 ; Weller *v.* Weyland, 2 Id. 104. The court will not enforce specific performance by the husband, with compensation to the vendee, for the wife's interest : Clark *v.* Seirer, *supra.* For a contingent liability with another, the proper com-

pensation is not abatement but indemnity: Milligan v. Cooke, 16 Vesey 12; 2 Story's Eq. Jur., sect. 779; Calverley v. Williams, 1 Vesey 210; Calcraft v. Roebuck, Id. 221; Thomas v. Dering, 1 Keene 746; Halsey v. Grant, 13 Ves. 78. Equity gives no compensation for a defect which was obvious to the senses, or one of which the vendee was in fact apprised: Clark v. Seirer, supra; Mortlock v. Buller, 10 Vesey 316; Waters v. Travis, 9 Johns. 450; Howell v. George, 1 Madd. Ch. 1; Fordyce v. Ford, 4 Bro. C. C. 494; Burnell v. Brown, 1 Jac. & W. 168; Dyer v. Hargrave, 10 Vesey 506; James v. Litchfield, 9 Eq. C. 51; Vigers v. Pike, 8 C. & F. 65; Castle v. Wilkinson, Law Rep. 5 Ch. App. 534; Harnet v. Yielding, 2 Sch. & Lef. 553.

Specific performance with compensation cannot be decreed when the amount of compensation cannot be satisfactorily ascertained and adjusted: Thomas v. Deering, 1 Keene 747; Thompson v. Morrow, 5 S. & R. 289.

The decree that vendor shall make a title on the payment of but 60 per cent. of the purchase-money, and to take security for the balance, is to vary the contract: Halsey v. Grant, 13 Vesey 73; Horniblow v. Shirley, Id. 81; Clowes v. Higginson, 1 V. & B. 526; Phila. & R. R. Co. v. Lehigh Coal & Nav. Co., 12 Casey 204.

To decree specific performance with *indemnity* would be to inquire, not whether a good title could be made, but how to provide against a bad one: Denne v. Cooper, 1 Vesey Jr. 567, note; *unless with consent of both parties:* Aylett v. Ashton, 1 Mylne & Craige 114; Ridgway v. Gray, 1 Mac. & G. 109; Balmanno v. Lumley, 1 V. & B. 224; Paton v. Bretner, 1 Bligh 66.

*T. E. McElroy* and *E. C. Quinn,* for appellee.—If Saller has a right to a decree for specific performance in the absence of a wife, he has the right to it, notwithstanding her existence, if he chooses to waive her signature to the deed, and this he has done: Corson v. Mulvany, 13 Wright 88; Riddlesberger v. Mintzer, 7 Watts 143; Shurtz v. Thomas, 8 Barr 359; Findlay v. Keim, 12 P. F. Smith 112. In analogy to this rule, that although equity will not compel a husband to procure the wife's signature, yet it will compel him to execute a deed alone, if the vendee chooses to accept it: Fisher v. Worrall, 5 W. & S. 478; Fry on Specific Performance, §§ 286, 289. Saller has a right to a decree for a deed from appellant alone, coupled with an indemnity against the wife's dower: Fry on Specific Performance, §§ 289–306. When the inability of the defendant to fulfil the contract is set up as a bar to the relief sought by complainant, the latter is entitled to have the contract fulfilled as far as practicable, and to obtain compensation or indemnity on those points which do not admit of fulfilment: 2 Story Eq. Juris., sects. 779 and n. 1, 796; Seton v. Slade, 3 L. Cas. in Eq. 71–2, 89 note; Fry on Specific Performance,

sect. 299; Adams's Equity 89; Mortlock *v.* Buller, 10 Vesey 315; Mestaer *v.* Gillespie, 11 Vesey 661; Paton *v.* Rogers, 1 Vesey & Beames 351; Todd *v.* Gee, 17 Vesey 273; Hill *v.* Buckley, Id. 394, 401; Wood *v.* Griffith, 1 Swans. *43, *55; Welthorpe *v.* Holgate, 1 Collyer's Ch. Reports 203; Milligan *v.* Cooke, 16 Vesey 1; Erwin *v.* Myers, 10 Wright 96; Napier *v.* Darlington, 20 P. F. Smith 64; 2 Story Eq. Juris., sects. 794, 799; Graham *v.* Oliver, 3 Beav. 124; Fry on Specific Performance, sect. 810; Parsons on Contracts 414 and note (c); Wollam *v.* Hearn, 2 L. Cas. in Eq. 700; Seton *v.* Slade, 3 Id. 89; Wilson *v.* Williams, 3 Jur. N. S. 810; Springle *v.* Shields, 17 Alabama 295; Clark *v.* Reins, 12 Grattan (Va.) 98; Young *v.* Paul, 2 Stockton's (N. J.) Ch. Rep. 401.

The opinion of the court was delivered, May 17th 1873, by

SHARSWOOD, J.—It is not proposed to enter upon an examination and review of the cases which have been decided in England and our sister states upon the question presented upon this appeal. Great industry and ability have been exhibited by the learned counsel on both sides, in their printed and oral arguments, and it is but just to say that no suggestion or authority appears to have escaped them. But we consider the point as definitely settled in this state in the opinion of Chief Justice Gibson, in Clarke *v.* Seirer, 7 Watts 107, recognised and affirmed as it has been in many subsequent cases: Riddlesberger *v.* Mintzer, 7 Watts 143; Shurtz *v.* Thomas, 8 Barr 363; Bitner *v.* Brough, 1 Jones 138; Hanna *v.* Phillips, 1 Grant 256; Weller *v.* Weyand, 2 Id. 102. These cases settle, if any amount of authority can settle anything, that in Pennsylvania, specific performance of an agreement to sell real estate will not be decreed against a vendor who is a married man, and whose wife refuses to join in the conveyance so as to bar her dower, unless, indeed, the vendee is willing to pay the full purchase-money, and accept the deed of the vendor without his wife joining. The policy of these decisions is very manifest. The wife is not to be wrought upon by her love for her husband, and sympathy in his situation, to do that which her judgment disapproves as contrary to her interest; nor is he to be tempted to use undue means to procure her consent. The vendor must be left in such cases to his action at law to recover damages. The principles upon which damages are recovered, and the measure of them, under different circumstances in such an action, are well explained in Bitner *v.* Brough, 1 Jones 127.

The same sound policy which forbids a decree for the execution of a deed by the husband—to be enforced by his imprisonment if he cannot obey—prevents any decree looking to compensation, abatement or indemnity. The case does not fall within the principle of those decisions, where the vendor who cannot make title to all he has contracted to convey, is held to be not thereby relieved

[Riesz's Appeal.]

from specific performance as far as in his power; but shall be compelled to execute his contract with a reasonable abatement in the price. The right of dower of the widow is of such a contingent nature, depending as it does as well upon her surviving her husband, as on her continuance in life after his death, that no abatement in the price can be made which will be just to both parties, without in effect making a new contract for them; a contract which, perhaps in the first instance, neither party would have come into, certainly not the vendor. Receipt of the purchase-money in full may have been the main object of the sale to enable him to pay debts or carry out other plans. If he is to be subjected to serious pecuniary loss by his wife's refusal to join, it will operate almost as powerfully as the peril of his imprisonment, as a moral coercion and compulsion upon her to yield her consent, instead of that free will and accord which the law jealously requires her to declare by an acknowledgment upon an examination before a magistrate, separate and apart from her husband. The learned master, Mr. Clay, to whom it was referred to report what amount of the purchase-money should be retained by the vendee upon mortgage, as a compensation for him for any claim the wife might thereafter make against the premises for dower, reported that in his opinion not less than forty per cent. of the price should be left in his hands for that purpose; a result no doubt just as to him, but how as to the vendor, who was personally in no default? No stronger argument could be adduced to show the impolicy of making any decree. Specific performance is a matter of grace, and these are considerations which address themselves powerfully to the conscience of the chancellor.

> Decree reversed. And now it is ordered and decreed that the bill be dismissed without prejudice; the costs in the court below and in this court to be paid by the complainant.