## Luther *versus* Wagner.

1. A sheriff's sale of land discharges the lien of annual interest due and in arrear on a recognizance given to secure a widow's dower, but does not discharge the lien of accruing interest, not due at the time of the sale.

2. The sheriff sold certain property which was bound by a recognizance in the Orphans' Court for about $1,500, the annual interest of which was payable to the former owner's widow. No interest had been paid for about a year and nine months.

*Held,* that the property was discharged by the sale from the lien for the year's interest due and in arrear; but not from the lien of the nine month's interest, not yet due.

October 15th, 1884. Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN and CLARK, JJ. GORDON and PAXSON, JJ. absent.

ERROR to the Court of Common Pleas of *Cambria County :* Of October Term, 1884, No. 178.

Case stated, in which John Wagner was plaintiff and D. A. Luther, sheriff of said county was defendant.

The facts agreed upon by counsel were as follows: " On October 1st, 1883, the 'Krise Place' was sold by the sheriff, as the property of John Wagner, to F. A. Shoemaker for $370. The property was bound by a recognizance in the Orphans' Court for about $1,470, the annual interest on which, to wit : $87.88, was payable to Margaret Krise, widow of Henry Krise. At the time of the sale, to wit : October 1st, 1883, the interest was unpaid to the widow from the 29th of December, 1881. If the court be of the opinion that the total amount of interest from 29th of December, 1881, to October 1st, 1883, $151.69, should be paid to the widow, then judgment to be entered for defendant; but if the court be of the opinion that only one year's interest, $87.88, and not for the fractional part of the year in addition, should be paid to the widow, then judgment to be entered for the plaintiff for $63.81."

The court entered judgment for the plaintiff for $63.81. Whereupon the defendant took this writ of error, assigning for error the action of the court in not entering judgment for defendant.

*F. A. Shoemaker,* for plaintiff in error.—The interest due on

the recognizance (which was given to secure the widow's dower) from December 29th, 1881 to October 1st, 1883, was ascertainable with certainty and therefore payable out of the fund : Wertz's Appeal, 15 P. F. S. 306 : Davison's Appeal, 14 Norris 394; Plumer and Jones's Appeal, 11 W. N. C. 144. Where land was charged with dower upon which arrears were due at the time of the sheriff's sale upon a judgment immediately subsequent to the charge, it was held that arrears due at the sale were discharged thereby : Dickinson *v.* Beryer, Adm'r, 6 Norris 274. Had the sale been made December 28th, 1883, just one day prior to the date when the interest became due it will hardly be pretended that the purchaser took the land charged with interest for three hundred and sixty four days.

*Wm. H. Sechler,* for defendant in error.—Interest on the recognizance was due December 29th, in each year, and had been paid for December 29th, 1881. At the time of the sheriff's sale therefore, there was due only the interest payable December 29th, 1882. Dower is not in arrear until due. In all the cases cited by the plaintiff in error, where statutory dower is claimed out of the proceeds of a sheriff's sale, the words in arrears and *due* are used.

Mr. Justice TRUNKEY delivered the opinion of the court November 10th, 1884.

Where an intestate leaves a widow and issue, the widow shall be entitled to one third part of the real estate for the term of her life : Act of April 8th, 1833, P. L. 316. The statute relating to partition provides that the widow's purpart or share of the real estate shall be valued, and the same together with interest thereof shall be and remain charged upon the premises, and the legal interest thereof shall be annually paid by the person holding such real estate, to said widow during her life, and she may recover the same by distress or otherwise, as rents are recoverable. This is the same, substantially, as was provided by prior statutes, and the decisions prior to the Act of March 29th, 1832, are still authority.

It has been observed that the widow's right to annual payments in lieu of dower " partakes of the various features of an annuity, of interest on money, and of a rent charge, without being susceptible of a distinct classification with either : " Stewart *v.* Martin, 2 Watts 200. Where the estate is accepted at the appraisement or sold, she has a life estate of one third of the rents and profits of the whole estate, measured by the interest on her share of its value as ascertained by the appraisement or sale. And though the assignment of her

share may thus be made, she has an estate in the land, and it vests in her *eo instanti* the husband dies: Gourley *v.* Kinley, 66 Pa. St. 270. After the appraisement her estate, like a rent charge, may be sold at sheriff's sale: Thomas *v.* Simpson, 3 Id. 60. A sheriff's sale of the land as the property of the person who took it at the appraised value, or who holds under such person, will not divest her estate, or the right of the heirs to the principal at her death: Mentzer *v.* Menor, 8 Watts 296. But such sale divests the annual payments accrued and in arrear: Dickinson *v.* Beyer, Adm'r, 87 Pa. St. 274; Davison's Appeal, 95 Id. 394.

The law provides that the interest shall be paid to the widow annually. The estate being for life the interest stops at her death. "For what becomes payable in her lifetime she may distrain, and so may her personal representative after her death, for she is substantially a tenant for life of a rent;" but her personal representative cannot distrain for the interest which had accrued and was not in arrear at her decease: Henderson, Executor, *v.* Boyer, 44 Pa. St. 220.

In view of the nature of the widow's estate, her annual interest cannot be deemed merely as interest on money. Unlike the lien of a judgment, or most other liens, her estate is unaffected by a judicial sale of the land. A lien, like a judgment, which will be discharged by a sheriff's sale of the land, whether due or not, if the proceeds be sufficient, will be paid with accruing interest till date of the sale, and the purchaser takes the land freed from such lien. But the widow's estate is not a lien, and the rent or interest in the nature of rent, which had not become due before the sale, remains as part of her estate. It has been often ruled that by such sale the lien of arrears due the widow is divested; but there is not even a dictum that the accruing interest not due at the time of sale does not continue a lien. Until due the interest is not in arrear. The widow has no right to demand it till due. She is not bound to take it piecemeal from different persons, part before due and part after.

Judgment affirmed.