# Bahl v. Menger (et ux.), Appellant.

*Vendor and vendee—Sale of real estate—Refusal of wife to join —Specific performance—Acceptance of defective title—Equity— Amendment.*

1. A bill in equity against a husband and wife for specific performance of a contract to sell real estate may be amended so as to apply to the husband alone, if it appears that the wife had not joined in the agreement.

2. A vendee of land may elect to take a partial performance of a contract by the vendor, and especially is this true when the vendee is willing to take a defective title without seeking abatement in the purchase price.

3. In such case, the vendor will not be permitted to set up his defective title as a defense in an action for specific performance of the contract.

Argued April 23, 1925.   Appeal, No. 286, Jan. T., 1925, by Albert C. Menger, defendant, from decree of C. P. No. 1, Phila. Co., June T., 1924, No. 7968, for specific performance, in case of Charles W. Bahl v. Albert C. Menger and Caroline Menger, his wife.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill for specific performance.   Before BARTLETT, P. J. The opinion of the Supreme Court states the facts. Decree for plaintiff.   Defendant appealed.

*Error assigned* was allowance of amendment, quoting record, and decree, quoting it.

*Henry J. Scott,* with him *Rudolph C. O'Green* and *Harry E. Apeler,* for appellant.

*Thomas F. Gain,* with him *G. Ayres Swayze,* for appellee.

PER CURIAM, May 11, 1925:

Plaintiff's bill was for specific performance of a contract for sale of premises No. 1500 North 29th Street, Philadelphia.   The agreement was in the form of a lease signed by defendant, Albert C. Menger, as lessor, and contained an option in favor of lessee to purchase the property at any time within five years from its date for the sum of $8,500.   Caroline Menger, wife of Albert C. Menger, was not a party to the agreement and at no time consented to it.   Plaintiff, within the time specified in the contract, notified appellant he would exercise his option to purchase.   Later, plaintiff presented to appellant a deed for the property calling for the signatures of himself and wife which both refused to execute, whereupon this bill followed.   The court below, on appellee's motion at the close of testimony, permitted the prayer for relief to be amended so as to apply to appellant alone

in the event the court should find Mrs. Menger is not bound by the agreement. The court subsequently held Mrs. Menger not liable and decreed that appellant execute and deliver to appellee a deed for the premises upon payment to him of the sum of $8,500, the conveyance to be without prejudice to any right his wife, Caroline Menger, "may have under the laws of this Commonwealth, in the event she shall survive her said husband." Defendant, Albert C. Menger, appealed.

The assignment of error is that the court below committed error in allowing the amendment above indicated and decreeing that appellant alone execute and deliver his deed for the premises in accordance with his contract on payment to him of $8,500 by appellee.

We find no effort here to coerce Mrs. Menger into joining in a conveyance with her husband for the premises in dispute by requiring an abatement in the purchase money by reason of her refusal to join, consequently Riesz's App., 73 Pa. 485, does not apply. That a plaintiff may amend his bill, if his cause of action originally shows his legal right to recover the property he subsequently claims and secures, is not at all doubtful. This right is secured to him by section 2, Act of May 4, 1864, P. L. 775; Leafgreen v. Labar, 280 Pa. 215, 219. Under the general rule, which is well settled, "a vendee may elect to take a partial performance of a contract by the vendor; especially is this true when the vendee is willing to take a defective title without seeking abatement in the purchase price. In such case, the vendor will not be permitted to set up his defective title as a defense in an action for specific performance of his contract": Medoff v. Vandersaal, 271 Pa. 169, 171.

The decree of the lower court is affirmed at appellant's costs.