Emberger et ux., Appellants, *v.* Brunger et ux.

Argued May 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Abraham Wernick*, with him *Leonard B. Rosenthal*, for appellants.

*Robert Boyd, Jr.*, for appellees.

OPINION BY MR. JUSTICE JONES, July 6, 1948:

The plaintiffs, owners of premises located at 7432 (formerly 7428) Oxford Avenue, Philadelphia, sought by this proceeding in equity (1) to restrain and enjoin the defendants, owners of adjoining premises at 7438 (formerly 7430) Oxford Avenue, from erecting a fence over a certain driveway or in any manner interfering with the plaintiffs' free and common use of the driveway, (2) to obtain an order or decree adjudging the plaintiffs to have a right to the free and common use of the driveway with the defendants, (3) to procure reformation of an agreement of twenty years before between respective predecessors in title of the two properties and (4) other and further relief.

The defendants filed a responsive answer and denied the plaintiffs' right to the relief prayed for. After a hearing on the merits, the learned chancellor filed an adjudication, embracing findings of fact and conclusions of law, and entered a decree nisi dismissing the plaintiffs' bill. To the adjudication and decree nisi, the plaintiffs filed exceptions which, after argument thereon before the court en banc, were dismissed and the decree nisi was made final. This appeal followed.

Of the appellants' twenty-four assignments of error, No. 1 goes to the final decree and is purely formal. The next six (Nos. 2 to 7 incl.) impute error to certain of the chancellor's findings of fact; seven others (Nos. 11 to 17 incl.) ascribe error to the chancellor's refusal of certain of the plaintiffs' requests for findings of fact. None of these assignments can be sustained. The learned chancellor's findings of fact, as well as his refusals to find, as requested by the plaintiffs, fully accord with the evidence in the case. The chancellor's action in

such regard was confirmed by the court en banc on exceptions; the assailed findings and refusals to find are, therefore, to be taken here as binding: see *Hofford v. Roth*, 359 Pa. 275, 59 A. 2d 57; also *Schmoker v. Schmoker*, 359 Pa. 272, 59 A. 2d 55, and cases there cited.

The 23rd and 24th assignments relate to the same matter. The 23rd assignment goes to the court's refusal to reform a written agreement of October 16, 1926, between predecessors in title of the two respective properties. The intended purpose of the proposed reformation was to make the description of a driveway in the old agreement coincident with the existing driveway, here in controversy, or with a driveway to be constructed on the properties of the parties and so to create a right of user in the plaintiffs which, as they aver, would conform to the intent of the original contracting parties. The chancellor could not find any competent evidence in support of the averment and, accordingly, found against the plaintiffs on the factual issue of intent. The court en banc dismissed the plaintiffs' cognate exception on the merit of the chancellor's finding and also because of laches of presently interested parties in respect of the attempted reformation. The record in the present instance does not reveal a case calling for an exercise of equity's power to reform an agreement by correcting an evident mistake in order to effectuate the true intention of the parties: see *Kaufman v. New York Life Insurance Company*, 315 Pa. 34, 36, 172 A. 306. The 24th assignment complains of the court's refusal to allow, before final decree, an amendment of a prayer of the plaintiffs' amended bill of complaint relative to the alleged meaning of the written agreement of October 16, 1926. As the court en banc correctly points out, even treating the amendment as having been allowed, the result would be the same, as the plaintiffs failed to produce competent, clear, precise and indubitable evidence in support of the allegation.

The balance of the assignments of error (Nos. 8, 9, 10, 18, 19, 20, 21 and 22) complain of certain conclusions of law, some made by the chancellor and the rest contained in requests of the plaintiffs which the chancellor refused. It is in these assignments that the appellants' remaining and principal legal contentions are imbedded, viz., an implied easement and an implied grant of way . These two contentions, in addition to a claim of adverse use made below but not pressed on this appeal, completely fall in the face of the supportable findings made by the learned chancellor that "8. The only use ever made of the driveway in dispute by the owners or tenants of plaintiffs' premises was in connection with the renting of a garage located on the premises now owned by defendants, with the exception of a period of three months when plaintiffs first bought their property [January 28, 1943]. During this three months plaintiffs used the driveway to park in the rear of their property. 9. The driveway which plaintiffs claim the right to use in common with defendants is located entirely on the defendants' property. . . . 13. The driveway of defendants' property was never used by the tenants or owners of plaintiffs' property except by the consent of defendants or their predecessors."

All of the assignments of error are overruled.

The decree is affirmed at the appellants' costs.