404 A.2d 1324

**Stanley AUEN, Appellant,**

v.

**Patrick J. DiCESARE.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided May 23, 1979.

---

Thomas A. Himler, Jr., Latrobe, for appellant.

Ira R. Mazer, Monroeville, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

The action in the court below was brought by appellant to compel specific performance of a sale of land contract. The court denied specific performance and ordered appellee to return to appellant the down payment plus interest, and reimburse him for the expense of a survey of the land. For the reasons stated herein, we reverse the order of the lower court.

The following facts are pertinent to this appeal. On September 5, 1974, the parties entered into a contract whereby appellee agreed to sell to appellant a tract of land in Conemaugh Township, Indiana County, for a total consideration of $5,000; appellant paid $500 to appellee's real estate agent at that time. At the urging of appellee's attorney, the following provision was included in the agreement:

"The w/i transaction subject to accurate survey and description of the property under consideration which survey

is to be provided and paid for by the buyer, further, the terms and provisions of this agreement to become effective only upon the buyer's consent to the provision herein contained which consent shall be indicated by the buyer's initial appearing next to the w/i paragraph."

The above provision was initialed by both parties either contemporaneous with or shortly after the signing of the contract.

On September 20, 1974, appellant had the land surveyed, revealing a total area of 14.64 acres. Appellee claims, however, that he was not aware that the tract was that large, and that he only intended to sell a small triangular portion of approximately four acres.

Appellant tendered the remainder of the $5,000 sale price, which appellee refused to accept, at the closing on September 30, 1974. Thereafter, appellant filed suit on November 12, 1975, praying, *inter alia,* for the following relief:

"(A) That the defendant be commanded to specifically perform the said contract and by good and sufficient deed convey and assure said premises and every part thereof *with marketable title and free of all encumbrances to the plaintiff in fee simple* and legally sign, seal, acknowledge and deliver said deed to the plaintiff in proper legal form and accept the consideration thereof in the cash which the plaintiff has offered; . . .." (emphasis added).

Appellee filed a responsive pleading alleging, *inter alia*: (1) that the parties had not progressed beyond the negotiation stage and that the provision for a survey was merely a condition precedent to further negotiations; (2) that he was unable to convey a deed free of all encumbrances since he was unable to secure the signature of his wife, who was not a party to any contract that might exist; and (3) that the description of the property in the alleged contract was too vague to be enforced.

After a hearing on the merits, the chancellor filed a memorandum on September 30, 1976, inviting the parties to present additional evidence regarding certain issues not ad-

dressed by either party in his presentation of evidence. In particular, the court was concerned with how an order of specific performance without voluntary joinder by appellee's wife would effect the provisions in paragraph 7 of the alleged contract requiring, *inter alia* :

"(a) The premises are to be conveyed *free and clear of all liens, encumbrances and easements,* excepting however, the following: . . . ; otherwise the title to the above described real estate shall be good and marketable or such as will be insured by a reputable title insurance company at the regular rate.

(b) In the event the seller is unable to give a good and marketable title or such as will be insured by a reputable title company, subject to aforesaid, *buyer shall have the option of taking such title as the seller can give, without abatement of price* or of being repaid, all monies paid by buyer to the seller on account of the purchase price together with costs for searching title as he may have incurred; and in the latter event, there shall be no further liability or obligation on either of the parties hereto and this agreement shall become null and void and all copies will be returned to the seller's agent for cancellation." (emphasis added).

The parties failed to submit additional evidence, and on March 1, 1977, the court below entered a decree nisi. The court concluded that the agreement was a binding contract to sell the entire tract of land outlined in the September 20, 1974 survey, but refused to order specific performance based upon the following findings of fact:

"9. Plaintiff through his counsel has waived the right to have the defendant's wife join in the deed.

11. The plaintiff has not waived the conditions of the Contract which provide that the defendant shall convey a good and marketable title free and clear of all encumbrances."

The chancellor thus concluded,

"[t]hat even if the plaintiff accepts a deed of the defendant executed and acknowledged by him alone, the Court

cannot decree specific performance without changing the terms and conditions of the agreement which provide for a good and sufficient deed conveying marketable title free and clear of all encumbrances."

Appellant objected to the above findings of fact and conclusion of law, and on March 16, 1977, amended paragraph (A) of the prayer for relief in his complaint. In addition to the relief requested in the original paragraph (A), the amended prayer requested, "in the alternative [t]hat the Defendant be commanded to specifically perform the said contract and to give such title as the Defendant can give without abatement of price."

On May 9, 1977, the chancellor entered his final decree overruling appellant's exceptions. In a memorandum accompanying that decree, the court noted that appellant's amended prayer for relief was an attempt to render inconsistent its prior findings of fact numbers nine (9) and eleven (11). The court held, nevertheless, that appellant's amended prayer was insufficient for two reasons. First, although appellant may amend his prayer at any stage under Pa.R. C.P. No. 1528, the court held that an amendment after the decree nisi is possible only if supported by "competent, clear, precise and indubitable evidence." Because appellant did not specifically state that he would waive paragraph 7(a) of the contract, the court held that he could not request a prayer for relief, which if granted, would violate that provision. Second, the court held that to enforce specific performance would require a re-writing of the contract since it would permit conveyance of a title different from that specified in paragraph 7(a). Appellant appeals from the order of the court dismissing his objections and asserts that the court erred in the following respects: (1) the court erred in concluding that appellant had not waived the provisions in paragraph 7(a) of the contract; and (2) the court erred in concluding that it could not decree specific performance without violating the terms of the contract. Reviewing the record, we must agree with appellant.

First, Pa.R.C.P. No. 1528 provides that "[t]he prayer for relief may be amended as of course at any time." Under the original paragraph (A) of the prayer for relief, appellant's only requested relief was in accordance with paragraph 7(a) of the contract, *i. e.*, an order for specific conveyance of a title free of all encumbrances. The amended prayer on March 16, 1977, however, invoked the alternative title provision under paragraph 7(b) of the contract and requested an order of specific conveyance of whatever title appellee could give. Thus, the amended prayer was in conformance with the terms of the contract whereby appellant could waive the title provisions in paragraph 7(a) by merely invoking the option in paragraph 7(b). The court below found, however, that the amended prayer was insufficient to waive the requirements of paragraph 7(a) and that evidence must appear of record indicating a more explicit waiver of that provision. We disagree.

In support of its ruling requiring a more specific waiver, the court below cited *Emberger v. Brunger*, 359 Pa. 651, 59 A.2d 897 (1948). The proceeding in that case involved, *inter alia*, the right of way to a driveway. The plaintiff requested as part of his amended relief that a twenty year old conveyance be reformed to confer such a right of way. The lower court refused to permit the amendment to the prayer for relief. On appeal, the supreme court did not review the propriety of the lower court's refusal, but noted that even if the amendment had been allowed, the result would have been the same because reformation of the prior deed was not possible absent "competent, clear, precise, and indubitable evidence in support of" appellant's claim regarding the intent of the predecessors in title to confer such a right of way. *Id.*, 359 Pa. at 653, 59 A.2d at 899.

Reviewing the above summary, we fail to understand the lower court's ruling that *Emberger* establishes the principle that "a prayer for relief may not be amended after final decree or a decree nisi, if not supported by competent, clear, precise and indubitable evidence to warrant the amendment . . . ." The discussion of the supreme

court in *Emberger* related to the sufficiency of the plaintiff's evidence in establishing the intent of the prior owners of the property, and did not relate to the standard for amending a prayer for relief. Indeed, the ruling of the court below is contrary to the usual rule that amendments to pleadings should be liberally permitted. *See Wm. Penn Parking Garage v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *Posternack v. American Cas. Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966); *Eastgate Enterprises Inc. v. Bank & Trust Co. of Old York Road,* 236 Pa.Super. 503, 345 A.2d 279 (1975). Accordingly, we determine that appellant's amended prayer for relief was proper under Pa.R.C.P. No. 1528, and was sufficient to invoke the waiver provision of paragraph 7(b) of the sales contract.

Appellant's second contention is that the court below erred in ruling that an order of specific performance could not be decreed, since to do so would amount to a re-writing of the terms of the contract requiring conveyance of a title free of all encumbrances. Again, we conclude that the court failed to recognize the waiver provision in paragraph 7(b).

Initially, we agree with the court below that a conveyance by appellee of property subject to an inchoate dower interest would contravene the provisions of paragraph 7(a) of the sales contract. Dower inchoate is an encumbrance upon the property, *see Briegel v. Briegel,* 307 Pa. 93, 160 A. 581 (1931); *cf. Arnold v. Buffalo, Rochester & Pittsburg Railway Co.,* 32 Pa.Super. 452 (1907) (contingent claim), which becomes a full estate in the land upon the death of the husband. *See, e. g., Luther v. Wagner,* 107 Pa. 343 (1884). Nevertheless, the mere existence of this inchoate interest does not prohibit a husband from transferring property subject to the interest, provided certain conditions are met.[1]

---

1. Although the record does disclose that appellee is married, it does not reflect whether appellant holds the property as sole owner, or as joint owner with his wife. Appellant, in the statement of facts in his brief, claims that the property is held solely by appellee, an assertion that appellee does not dispute in his brief. Nevertheless, we do not

■ Specific performance of a sale of land contract may not be decreed if the vendee refuses to waive joinder by the non-consenting spouse, *see Peterson v. Chandler*, 362 Pa. 102, 66 A.2d 284 (1949); *Clark v. Seirer*, 7 Watts 107, 32 Am.Dec. 745 (1838), or insists upon an abatement in price as a result of the diminished interest. *See Burk's Appeal*, 75 Pa. 141 (1874); *Riesz's Appeal*, 73 Pa. 485 (1873). If, however, the buyer waives joinder by the non-consenting spouse and tenders the full purchase price, specific performance may be decreed. *See, e. g., Real Estate Co. of Pittsburgh v. Rudolph*, 301 Pa. 502, 153 A. 438 (1930); *Bahl v. Menger*, 283 Pa. 508, 129 A. 459 (1925). To rule otherwise would be to permit the vendor to assert as a defense a "defect" in the title that he has been at least partially responsible for creating. As the supreme court stated,

"[A] vendee may elect to take a partial performance of a contract by the vendor; especially is this true when the vendee is willing to take a defective title without seeking abatement in the purchase price. In such case, the vendor will not be permitted to set up the defective title as a defense in an action for specific performance of his contract." *Bahl v. Menger, supra*, 283 Pa. at 510, 129 A. at 460, *quoting, Medoff v. Vandersaal*, 271 Pa. 169, 171, 116 A. 525, 526 (1921).

In such case, "a new contract for the parties is not made, as the vendor is really doing, within his power, what he has agreed to do; nothing is conveyed that was not agreed to." *Medoff v. Vandersaal, supra*, 271 Pa. at 172, 116 A. at 526.

■ Instantly, appellant's right to waive joinder by appellee's wife was expressly provided for in the contract. Thus, while the court below was correct in ruling that an order of specific conveyance would violate the provisions of paragraph 7(a), appellant waived the provisions of that paragraph. Accordingly, we conclude that the court erred in

assume this to have been clearly established, and note only that the record is silent in this respect.

ruling that specific performance could not be decreed without violating the terms of the contract.[2]

Order of the lower court reversed and case remanded for further proceedings.[3]

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Adjudication and Opinion of Judge Handler of the court below.

2. We note, moreover, that the Act of April 18, 1978, P.L. 42, No. 23, § 1, amended the Act of June 30, 1972, P.L. 508, § 2, 20 Pa.C.S. § 2105(a) which provided for a statutory dower in property aligned during coverture without joinder. Under the amended section 2105, and the newly enacted section 2203, this interest has been abolished *in toto*, provided the husband does not retain any interest in the property. This provision is applicable to any decedent dying after July 18, 1978. Therefore, assuming appellee was alive on that date, his wife would no longer have an interest in the property, provided it is conveyed without any of the retained interests specified in 20 Pa.C.S. § 2203(a)(2)–(5).

3. We note that numerous additional issues were raised by both the parties and the lower court. Appellee claimed in the court below and on appeal that the description of the land in the sales contract was too vague to be enforced and was unenforceable due to mutual mistake. These claims appear, but we do not decide, to have been resolved adversely to appellee in the chancellor's finding of fact that the parties executed a binding contract to convey the tract of land detailed in the survey of September 20, 1974. Appellee also alleged below, but does not reassert on appeal, that appellant was guilty of laches and unclean hands in bringing the suit; neither of these issues was resolved by the lower court. Finally, the court below also raised the issue as to whether, assuming an order of specific performance is possible, the court would still be free to refuse to enter such an order on grounds of public policy; specifically, the possible adverse effect upon the marital relationship occasioned by a conveyance by appellee without joinder by his wife, and the possibility of future litigation by appellee's wife if she seeks to protect her contingent claim for dower. This latter concern may be moot in light of the recent provision abolishing such inchoate interests. *See* note 2, *supra*. Because these and various other issues were not resolved by the court below, they are not subject to appellate review and should be presented in future proceedings.