# Bilbow v. Pennsylvania Gas and Water Company

*Joseph P. Lenahan*, for plaintiff.
*Donald H. Brobst* and *Edward A. Monsky,* for defendant.

CAPPELLINI, *J.,* December 11, 1986 —

## NATURE OF PROCEEDINGS

This matter is before the court upon plaintiff's motion to amend complaint.

## HISTORY AND FACTS

Plaintiff filed a complaint against defendant on January 30, 1984, seeking damages under theories of negligence and strict liability for an explosion and fire which occurred at plaintiff's home on February 26, 1983. On February 14, 1984, defendant filed preliminary objections to plaintiff's complaint. On August 23, 1984, plaintiff filed an amended complaint in response to which defendant filed an answer and new matter on October 30, 1984. The parties then proceeded with the discovery.

On/or about June 11, 1986, plaintiff filed a motion to amend complaint, in order to assert a claim for punitive damages, along with a memorandum in

support thereof. Defendant filed a brief in opposition to plaintiff's motion on July 7, 1986.

## DISCUSSION AND LAW

The issue before the court is whether plaintiff should be allowed to amend her complaint to include a claim for punitive damages after the statute of limitations has run.

Pa.R.C.P. 1033 states as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

Amendments to pleadings are freely allowed and should be liberally permitted. Auen v. DiCesare, 266 Pa. Super. 347, 404 A. 2d 1324 (1978). The courts of this Commonwealth are also generous in allowing the plaintiff to amend in order to plead his "best case." Guter v. Donaldson Iron Co., 69 D. & C. 150 (1948); Bonner v. Alimosi, 31 Westmoreland L.J. 255 (1949).

While the right to amend pleadings is a matter within the sound discretion of the trial court, amendments should be allowed unless they violate the law or prejudice the rights of the opposing party. Jacob v. New Kensington Y.M.C.A., 312 Pa. Super. 533, 459 A.2d 350 (1983).

Defendant argues that plaintiff's attempt to add a claim for punitive damages should not be allowed

because this amendment of the complaint would introduce a new cause of action after the statute of limitations has run. While we agree with the proposition that an amended complaint may not introduce a new cause of action, after the statute of limitations has run, Laursen v. General Hospital of Monroe County, 494 Pa. 238, 731 A.2d (1981), we do not, however, agree with defendant's argument that plaintiff's addition of a claim for punitive damages in this case constitutes a new cause of action.

The Supreme Court has held that the right to punitive damages is a mere incident to a cause of action and not the subject of an action in itself. Hilbert v. Roth, 395 Pa. 270, 276, 149 A.2d 648, 652 (1959); C.F. Schneider v. Chalfonte Builders Inc., 11 Bucks 122 (1962).

Accordingly, we hold that the amendment proposed by plaintiff merely adds a new element of damage within the compass of the cause of action already pleaded, and therefore we deem it appropriate to carry out the liberal policy prescribed in Pa.R.C.P. 1033 by permitting plaintiff to amend in this respect, even though the statute of limitations would have run on a new action. In addition, we hold that plaintiff's proposed amendment does not violate the law nor does it prejudice the rights of defendant, but instead it provides plaintiff the opportunity to present her best case.

## ORDER

It is hereby ordered, adjudged and decreed that the motion of plaintiff to amend her complaint is granted, and plaintiff is granted 20 days to file an amended complaint.