540 A.2d 962

**Josephine T. BIALCZAK, Appellant,**

**v.**

**Nellie MONIAK and Stella Miller, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 28, 1988.

Filed April 25, 1988.

Marsha Meadows, Chanders Valley, for appellant.

William F. Morgan, Assistant District Attorney, for appellees.

Before BROSKY, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

This is an appeal from the trial court Order granting Appellees' motion to dismiss Appellant's action in partition.

The facts are as follows. The record shows that in 1966 Appellant's husband (Decedent) conveyed real property to himself and his daughter, Nellie Moniak, as joint tenants with rights of survivorship. Appellant did not join in, or consent to, this conveyance. Later, on December 7, 1978, Ms. Moniak conveyed her rights to the same property back to the Decedent. Finally, one day later, Decedent conveyed the real property to Ms. Moniak and her sister, Stella Miller, as joint tenants with rights of survivorship.[1] Decedent, however, retained a life estate in the use and occupation of a house situated on the property.

Decedent died on May 12, 1984. Thereafter, on June 1, 1984, Appellant filed a partition action against Decedent's two daughters (Appellees) in order to recover her interest in the property which Decedent had conveyed without her joinder or consent. Appellees filed a preliminary objection in the nature of a demurrer which was denied by the trial court. Subsequently, Appellees filed a motion to dismiss on grounds that Appellant's suit was, in reality, an untimely attempt to exercise her spousal right of election pursuant to 20 Pa.C.S.A. § 2203 of the Probate, Estate and Fiduciary

1. Nellie Moniak and Stella Miller are Decedent's daughters by a prior marriage.

Code. *See* 20 Pa.C.S.A. § 2210 (election must be filed with the clerk of the orphans' court division before the expiration of six months after the decedent's death or before the expiration of six months after the date of probate, whichever is later). The trial court granted Appellees' motion and dismissed the case. This timely appeal follows.

Appellant raises four issues in this appeal:

1. Where a widow is the sole beneficiary under her decedent husband's will, the widow's dower claim to property transferred without her consent cannot be limited by 20 Pa.C.S.A. section 2105(a) as she has no need to seek relief under that title or to trade her dower rights at common law for a share of the estate;

2. Where a widow need not give up dower rights in order to receive a share of the estate, the dower right remains with the widow; and a denial of that right is in violation of the due process clause, as a property right has been taken away from the widow and nothing has been given by the Commonwealth in return;

3. Even if a widow's rights be governed by the terms of the Intestate Succession Act of 1978, it does not control the case at bar, as the original transfer of the subject property took place in 1966, and has been held that the Act of 1978 does not effect (*sic*) transfers wherein the dower right attached prior to the effective date of the said Act; and,

4. Where the probate of the last will has been contested, and the widow receives everything under the last will and nothing under the prior will sought by others to be substituted, it is inequitable to foreclose the widow's right of election until it has been decided which will will be upheld.

We shall discuss Appellant's first and third issues simultaneously insofar as they reflect a misconception on Appellant's part concerning the effect which the 1978 amendments to the Intestate Succession Act and the 1978 Elective Share of Surviving Act had on a widow's dower rights.

Section 2105(a) of the Intestate Act provides that "[t]he share of the estate to which a widow is entitled under this title shall be in lieu and full satisfaction of her dower at common law." 20 Pa.C.S.A. § 2105(a). Appellant argues that this provision of the Act is not applicable to her situation by virtue of the fact that Decedent did not die intestate and that she is the sole beneficiary under Decedent's will. Thus, Appellant argues that she is free to pursue her common law rights of dower to recover her share of the real property transferred to Appellees. In the alternative, Appellant contends that, if § 2105(a) does govern the disposition of this case, then the 1978 amendments to the Act are not binding on her since her dower rights to the property attached in 1966 when Decedent made the first conveyance to Ms. Moniak.

We agree with Appellant's assertion that the provisions found in § 2105(a) of the Intestate Act do not concern the case at bar. Clearly, Decedent did not die intestate. However, Appellant's position that she is free to pursue rights of dower in the transferred property is untenable. In 1978, our legislature devised the Elective Share of Surviving Spouse Act which created in a surviving spouse the right to an elective share of one-third of the decedent's augmented estate irrespective of an existing will. 20 Pa.C. S.A. § 2203.

In considering the amendments to the Intestate Act and the enactment of the Elective Share of Surviving Spouse Act, we noted the effect of these changes on common law dower rights:

[t]he Act of April 18, 1978, P.L. 42, No. 23, § 1, amended the Act of June 30, 1972, P.L. 508, § 2, 20 Pa.C.S. § 2105(a) which provided for a statutory dower in property aligned (sic) during coverture without joinder. Under the amended section 2105, and the newly enacted section 2203, this interest has been abolished in toto, provided the husband does not retain any interest in the property. This provision is applicable to any decedent dying after July 18, 1978. Therefore, assuming [the decedent] was

alive on that date, his wife would no longer have an interest in the property, provided it is conveyed without any of the retained interests specified in 20 Pa.C.S. § 2203(a)(2)–(5).

*Auen v. DiCesare,* 266 Pa.Super. 347, 356 n. 2, 404 A.2d 1324, 1328, n. 2 (1979). From this, it is apparent that common law dower rights have been supplanted by the applicable sections of the Decedents, Estates & Fiduciary Code. If a decedent dies intestate, or partially intestate, § 2101 *et seq.* dictates the surviving spouse's share. If a decedent dies leaving a will, § 2201 *et seq.* permits the surviving spouse to elect against that will and provides the proper apportionment of the augmented estate. In any event, there no longer exists in this Commonwealth a common law right to dower. Therefore, Appellant's claim that she is free to assert dower rights to the disputed property must fail.

With respect to Appellant's claim that the 1978 amendments to the Probate, Estate and Fiduciary Code have no bearing on her case since Decedent's conveyance to Ms. Moniak was in 1966, we do not agree. In abolishing inchoate rights to dower, our legislature intended to establish a comprehensive statutory system of providing a measure of economic security for surviving spouses. As stated in *Auen, supra,* the amendment to § 2105, and the newly enacted § 2203, were made applicable to any decedent dying 60 days or more after their effective dates. *See* Historical Notes following §§ 2105 and 2203. Thus, the applicability of these changes to the Probate, Estate and Fiduciary Code is governed by the date of the spouse's death, and not by the dates certain conveyances of property were made by the decedent without the surviving spouse's joinder or consent. In the case *sub judice,* Decedent died on May 12, 1984, more than sixty days after the effective date of § 2203. Under the statutory scheme, Appellant was free to follow the terms of Decedent's will or take her surviving spouse's elective share. The record illustrates that Appellant chose to probate Decedent's will. Therefore, Appellant cannot be

heard to assert dower rights which have been abolished and replaced by statutory provisions which she chose not to pursue.

■ Appellant's second argument is that the elimination of dower rights by the legislature manifests an illegal taking of a property right in violation of the due process clause of the Fourteenth Amendment. Appellant argues that these portions of the Probate, Estate and Fiduciaries Code should be struck down as unconstitutional. In *Fetterhoff v. Fetterhoff*, 254 Pa.Super. 438, 512 A.2d 30 (1986), we found the appellant's issue challenging the constitutionality of a statute waived inasmuch as no notice of the constitutional issue was given to the Attorney General as is required by Pa.R.A.P. 521(a). *See* Pa.R.A.P. 521(a) (it is the duty of a party challenging the constitutionality of any statute in an appellate court to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of the question). In the instant case, no such notice appears in the record before us. Accordingly, Appellant has waived this issue.

■ Finally, Appellant states that on June 7, 1984 she probated Decedent's will which named her as sole beneficiary. However, Appellees have since contested the will and have attempted to substitute in its place an earlier will written by Decedent which leaves nothing to Appellant. Appellant asks that "[s]hould the Lat (*sic*) Will be overturned, then the Widow should have six months after the prior Will has been instated in which to exercise her option of election." Appellant's brief, 11. We decline the opportunity to comment on whether or not Appellant should be granted six months within which to elect against the prior will if that will is probated. The record does not reflect that any determination with respect to the validity of either will has been made. As such, Appellant's issue is not presently before us.

The Order is affirmed.