555 A.2d 205

**Sylvia A. BUTLER, Appellant,**

**v.**

**ROLLING HILL HOSPITAL, Maria Limberakis, D.O., and K. Niki Cole, M.D.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1988.

Filed March 7, 1989.

Petition for Allowance of Appeal Denied
Aug. 16, 1989.

Leonard N. Ross, Philadelphia, for appellant.

J. Scott Kramer, Philadelphia, for Limberakis, appellee.

Before ROWLEY, WIEAND and BECK, JJ.

ROWLEY, Judge:

This is an appeal from a summary judgment entered in favor of appellee, Maria Limberakis, D.O., (Dr. Limberakis) and against appellant, Sylvia A. Butler, in a medical malpractice action. We affirm.

The relevant facts as stated by the trial court are as follows:

Plaintiff Sylvia Butler went to see [Dr. Limberakis], her family physician, in November of 1983 and complained of swelling in her breasts, an empty feeling and weight gain. [Dr. Limberakis] did not order a pregnancy test as requested by Plaintiff nor did she order one when Plaintiff requested it again in January of 1984. Plaintiff was twenty-four weeks pregnant when the test was later performed.

Plaintiff had undergone a tubal ligation two years prior to this pregnancy. Plaintiff alleges that she did not want more children. She further alleges that it was too late to legally have an abortion performed at the time Plaintiff's pregnancy was confirmed. Thereafter, Plaintiff gave birth to a normal, healthy child.

Plaintiff filed suit against Rolling Hill Hospital and Dr. Limberakis on the basis of failure to properly diagnose her pregnancy. She seeks to recover for the anxiety she experienced and continues to experience, past and future medical costs, pain and suffering, lost earnings and for the expenses of raising her child.

(Trial court Opinion, pp. 1–2).[1]

Dr. Limberakis filed a motion for summary judgment. The trial court entered summary judgment in her favor on the basis that appellant can recover no damages from Dr. Limberakis because the child was born healthy and the "pregnancy did not give rise to a high decree of medical probability that she would give birth to a disabled or deformed child." (Trial court opinion, p. 2.) The trial court noted that this decision was based on the public policy of Pennsylvania which favors the birth of healthy children. Appellant has appealed from the summary judgment.

On appeal, appellant argues that there is a cause of action against a doctor who fails timely to diagnose a pregnancy resulting in damages associated with the birth of an unplanned child. Appellee argues that the present action is governed by a wrongful birth and wrongful life statute, Act 1988–47, Section 2, codified at 42 Pa.C.S. § 8305, enacted April 13, 1988, (while the present appeal was pending) which explicitly bars appellant's cause of action. The American Civil Liberties Union and the Women's Law Project were granted *amicus* status, and have filed a brief in which they assert that retroactive application of 42 Pa.C.S. § 8305 to the present case is unconstitutional and that the substantive provisions of § 8305 are also unconstitutional.

Pennsylvania law provides that no statute shall be applied retroactively "unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926; *Krenzelak v. Krenzelak*, 503 Pa. 373, 469 A.2d 987 (1983). Sections 7 and 8 of Act 1988–47 provide as follows:

Sections 8305 and 8306 shall not apply to any case in which a final award of damages has been made and with

[1]. Appellant also filed a malpractice action against Dr. Niki Cole who performed the tubal ligation. The two actions were consolidated in the trial court. The present appeal involves only the granting of appellee, Dr. Limberakis', motion for summary judgment. The action against Dr. Cole has not been concluded and is not involved in the present appeal. The instant appeal also does not involve appellant's suit against Rolling Hill Hospital.

regard to which the time to take an appeal has expired without an appeal being taken.

Except as provided in section 2, sections 8305 and 8306 *shall have retroactive effect, including application to any case pending or on appeal.* (Emphasis added.) By explicitly including the phrase "retroactive effect, including application to any case pending or on appeal," the General Assembly has unambiguously expressed its intention that § 8305 is to be applied retroactively. The legislature could not have more clearly or manifestly expressed its intent.

■ The *amici* argue that retroactive application of § 8305 is unconstitutional. Although the *amici* make no reference in their brief to sections 7 and 8 of Act 1988–47 which expressly provide for the retroactive application of § 8305, we nevertheless must examine their constitutional argument in light of those statutory provisions. In effect, therefore, the *amici* would like us to hold that sections 7 and 8 of Act 1988–47 applying § 8305 retroactively are unconstitutional. This issue has been waived and we will not address it because no notice of the challenge to the constitutionality of Act 1988–47 has been given to the Attorney General in violation of Pa.R.A.P. 521.[2] *Bialczak v. Moniak,* 373 Pa.Super. 251, 540 A.2d 962 (1988); *Smith v. Smith,* 365 Pa.Super. 195, 529 A.2d 466 (1987); *Faust v. Messinger,* 345 Pa.Super. 155, 497 A.2d 1351 (1985), appeal dismissed, 514 Pa. 286, 523 A.2d 741. See also *Matter of Adoption of Christopher P.,* 480 Pa. 79, 389 A.2d 94 (1978).

**2.** Rule 521. Notice to Attorney General of Challenge to Constitutionality of Statute

**(a) Notice.** It shall be the duty of a party who draws in question the constitutionality of any statute in any matter in an appellate court to which the commonwealth or any officer thereof, acting in his official capacity, is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the appellate court, to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of the question; together with a copy of the pleadings or other portion of the record raising the issue, and to file proof of service of such notice.

334

■ Having concluded that the legislature clearly and unmistakably intended for § 8305 to be applied retroactively, we now must examine its applicability to the present case.[3] Section 8305 provides:

(a) **Wrongful birth.**—There shall be no cause of action or award of damages on behalf of any person based on a claim that, but for an act or omission of the defendant, a person once conceived would not or should not have been born. Nothing contained in this subsection shall be construed to prohibit any cause of action or award of damages for the wrongful death of a woman, or on account of physical injury suffered by a woman or a child, as a result of an attempted abortion. Nothing contained in this subsection shall be construed to provide a defense against any proceeding charging a health care practitioner with intentional misrepresentation under the act of October 5, 1978 (P.L. 1109. No. 261), known as the Osteopathic Medical Practice Act, the act of December 20, 1985 (P.L. 457, No. 112), known as the Medical Practice Act of 1985, or any other act regulating the professional practices of health care practitioners.

(b) **Wrongful life.**—There shall be no cause of action on behalf of any person based on a claim of that person, that, but for an act or omission of the defendant, the person would not have been conceived or, once conceived, would or should have been aborted.

(c) **Conception.**—A person shall be deemed to be conceived at the moment of fertilization.

(Footnotes omitted.)

In the present case, appellant is seeking damages from Dr. Limberakis on the theory that but for Dr. Limberakis' failure to timely order a pregnancy test and diagnose appellant as being pregnant, appellant would have been able to legally abort the child and would have been able to avoid bearing an unplanned child. Section 8305 expressly pro-

**3.** We also recognize that the *amici* have argued that § 8305, substantively, is unconstitutional. However, for the same reason that the issue of the constitutionality of the retroactive application of the Act has been waived, so too is this issue waived.

vides that there is no cause of action "based on a claim that, but for an act ... of the defendant, a person once conceived would not or should not have been born ... [or] aborted." We conclude that § 8305 bars appellant's cause of action against Dr. Limberakis, and affirm the summary judgment.

SUMMARY JUDGMENT AFFIRMED.